CASE 12—ACTION BY D. JOHNSON AGAINST PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY FOR MALICIOUS PROSECUTION.—MARCH 6.

# Provident Savings Life Assurance Society v. Johnson.

APPEAL FROM HICKMAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   REVERSED.

MALICIOUS PROSECUTION—CRIMINAL LIBEL—INDICTMENT—EVIDENCE— JUSTIFICATION—INSTRUCTIONS—PROBABLE CAUSE.

Held:   1. Where one was indicted for criminal libel under an indictment containing three paragraphs, but the prosecuting attorney elected to prosecute on the first paragraph alone, in a subsequent action by accused for malicious prosecution it was error not to permit defendant to show that the second and third paragraphs of the libelous matter charged in the indictment were false.

2. In an action for malicious prosecution, plaintiff having been indicted for a criminal libel, libelous matter that was laid before the grand jury, and which was not included in the indictment, because constituting a separate offense, and properly a subject for another indictment, can not be introduced in evidence by defendant to justify his action in obtaining the indictment.

3. The premiums payable on insurance policies issued by a certain company were according to a schedule of rates indorsed on the policies, less the dividends awarded, the rates increasing as the age of the insured advanced; and it was stated that the dividends would probably offset the increase, and give a level rate of premium.  Plaintiff caused an article to be pub-

lished charging an agent of such company with practicing fraud on its policy holders. He was *indicted for criminal libel*, and, after acquittal, sued the company for malicious prosecution. HELD, that evidence that agents for the company deceived persons by assuring them absolutely that there would be a level rate of premium was not objectionable as impeaching the printed statements of the policy, inasmuch as the rule forbidding evidence contrary to the terms of an instrument only applies to the parties thereto.

4. The question as to what facts constitute probable cause for a prosecution is a question of law for the court.

5. On malicious prosecution the question whether certain facts exist, which, if they do exist, show probable cause, is for the jury.

6. A *criminal libel is committed by any writing calculated to create* disturbance of the peace, corrupt public morals, or lead to any act which, when done, is indictable.

7. In an action for malicious prosecution plaintiff having been indicted for criminal libel, in defining "probable cause" the court should set out the matter charged as libelous, and instruct the jury that it is libelous if untrue, and that defendant had probable cause for the prosecution if its agents who procured the indictment believed, and had grounds such as would induce a man of ordinary prudence to believe, that the matter published, or any substantial part of it, was materially false.

HUMPHREY, BURNETT & HUMPHREY, AND R. R. FLATT, FOR APPELLANT.

ROBERTSON & THOMAS AND GREER & REED, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

Appellee, Johnson, was for some time an agent of the appellant, the Provident Savings Life Assurance Society. He left its service, and entered the service of the Union Central Life Insurance Company, and after this published in the county paper the following:

"A few months of work for the Provident Savings convinced me that I was misled, just as hundreds of policy holders of that company have been; that is, by false representation of general agents and managers of the company.

An honest man, when he finds his error, tries to atone for it. I am doing that now by selling my friends insurance in the Union Central Life Insurance Company, that is acknowledged by all insurance men to be absolutely reliable."

Also the following: "None of the policies sold by the Provident Savings' agents as straight life, whether old or not, are of any value as collateral or in cash. Such contracts have no reserve behind them, and on that account are worthless, unless the insured dies while they are in force."

Also the following: "Also I further state that' the work of that company's agents during the last five years in Western Kentucky has been characterized by twisting policies of other companies, and selling their own policies under misrepresentations; also by rebating, and other unfair and rotten methods."

Appellant, after laying the facts before counsel, and being advised that a prosecution for criminal libel might be maintained, went, by its agents, before the grand jury, and had appellee indicted for libel. The indictment set out the matter above quoted. The defendant entered a demurrer to the indictment, and on the hearing of this demurrer the Commonwealth's attorney elected to prosecute for the first paragraph of the libelous matter quoted. The case was then tried on this charge. The defendant was acquitted. He afterwards filed this suit to recover of appellant damages on account of the prosecution, charging that it was malicious, and without probable cause. The jury returned a verdict in his favor for $1,250.

The proof shows that appellee, after he was indicted, had his father to go on his bond when arrested on the indictment, and was in custody but a short time while going with the sheriff to his father's for the purpose of signing the bond. No special damage is shown, except the cost of defending

the prosecution. The defendant offered to show on the trial that the second and third paragraphs of the libelous matter charged in the indictment were false, and known by the defendant to be false, when published by him. The court refused to allow this proof, confining the evidence entirely to the first paragraph. This was error. Appellant had charged appellee with criminal libel in publishing the matter embraced in all three paragraphs. It was all set out in the indictment, which was procured by appellant, and is the basis of this action. If appellant had probable cause for the prosecution, the action before us can not be maintained; and, if either one of the paragraphs was false, and was intentionally published by the defendant without justifiable cause, this was sufficient to sustain the indictment. Appellant is not bound by the act of the Commonwealth's attorney in electing to prosecute on the first paragraph alone. Its action was based on all three paragraphs, and if, on the whole case, it had probable cause for its action, it is not liable in this suit. The gist of the action consists in the malicious abuse of the process of the court. The thing complained of is the obtaining of the indictment, and, if there was probable cause for it by reason of any of the matter set out therein, there was no abuse of the court's process. Appellant obtained the indictment, and for this it is sued. Libelous matter that was laid before the grand jury, which was not included in the indictment because constituting a separate offense, and properly the subject-matter for another indictment, can not be introduced on this trial to justify the action of appellant in obtaining this indictment; for proof of such matter would simply show that appellant had probable cause to believe appellee guilty of another charge other than that on which he was indicted.

The policies issued by appellant are for one year, and may

be renewed annually at a schedule of rates indorsed thereon, less the dividend awarded on the policies. The printed rates increase as the age of the insured advances, but it was stated that the dividend would probably offset this increase and give a level rate of premium, or practically so. Proof was introduced on the trial tending to show that appellant's agent or agents who procured the indictment deceived persons into taking policies by assuring them absolutely there would be a level rate of premium. It was objected to this evidence that it impeached the writings themselves, which plainly showed in express terms that the rate of premiums increased year by year, and that, necessarily, the amount of dividends to be earned in the future was only a matter of judgment or opinion. But the rule forbidding evidence contrary to the terms of a written instrument only applies between the parties to it. 1 Greenleaf on Evidence, section 279. Appellee had, in effect, charged appellant with practicing a fraud on its policy holders, and justified the publication. If it was true, he was not, for this, guilty of libel; and this question of fact was for the jury on the written contracts and all the other evidence introduced on the trial. Some of the policy holders said that they did not see the policies, but relied on the assurances of the agent as to the character of policy that was to be issued. The writing is potent evidence for appellant, but in a case like this it is not conclusive. As to appellee himself, however, the policy issued to him is conclusive, in the absence of proof of fraud or mistake.

The court also erred in failing to define to the jury "probable cause." The rule is that what facts constitute probable cause is a question of law for the court, and whether the facts exist or not is to be determined by the jury. The court did not define to the jury the offense of criminal libel,

or inform them what facts made out a case of probable cause for the prosecution. A criminal libel is committed by any writing calculated to create disturbances of the peace, corrupt the public morals, or lead to any act which, when done, is indictable. 2 Bishop on Criminal Law, 907. If the publication in question was false, the defendant was properly indicated. 2 Bishop on Criminal Law, sections 922, 933. In defining "probable cause" the court should, in an instruction, have set out the matter charged as libelous in the indictment; and should have told the jury that it was libelous if untrue, and that the defendant had probable cause for the prosecution, and they should find for it in this action, if its agent or agents who procured the indictment believed, and had such grounds as would induce a man of ordinary prudence to believe, that the matter so published, or any substantial part of it, was materially false.

Judgment reversed, and cause remanded for a new trial.