## Colley and Crawford v. Commonwealth.

(Decided September 26, 1922.)

### Appeal from Christian Circuit Court.

1. Intoxicating Liquors—Search Warrants.—In order for an affidavit to afford protection to an officer issuing a search warrant. it must contain a statement of facts and circumstances which would support a reasonable belief that defendants were guilty of a public offense.

2. Intoxicating Liquors—Search Warrant.—To merely state that there is probable cause and reasonable grounds for believing that a person has whiskey in his possession for the purpose of sale, being a mere conclusion, does not furnish facts and circumstances sufficient to manifest probable cause for the issual of a search warrant and does not comply with the provisions of the Constitution and statutes upon the subject.

3. Intoxicating Liquors—Search Warrant—Evidence.—Evidence against a defendant obtained by an officer under and through an invalid search warrant is incompetent and should upon seasonable objection be excluded from the consideration of the jury.

4. Intoxicating Liquors.—Evidence examined and held insufficient to support the verdict of the jury.

O. H. ANDERSON for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellants Crawford and Colley were indicted and convicted in the Christian circuit court of the offense of having liquor in possession for the purpose of sale, and each adjudged to pay a fine and serve a jail sentence. They both appeal. Two of the grounds relied upon for reversal are, (1) the court erred in refusing to quash the search warrant on motion of appellants, and (2) the verdict and judgment are not supported by the evidence. It will not be necessary for us to mention the other grounds relied upon by appellants. Appellant Crawford owned a soft drink stand in Hopkinsville and Sam Colley was his clerk. They sold all kinds of soft drinks, tobacco and cigars. The place had been occupied as a saloon before the days of prohibition. In it were a bar and such fixtures as are usually found in a saloon. On December 26 the chief of police and another officer made affidavit before the judge of the police court and obtained a search warrant for the restaurant of appellant Crawford. With this warrant the officers watched the premises until about five o'clock a. m., on December 28th, when Colley, the clerk, came to the restaurant to open up. Colley unlocked the door and went in and closed it before the officers could enter. They knocked on the door and Colley admitted them. The chief of police informed Colley that they held a search warrant for the place and proposed to search it for whiskey. While this was going on another officer passed through the restaurant to a back room and there found and took into possession a glass gallon jug containing white whiskey. It was about three-fourths full. With it were a number of dram glasses and half-pint bottles, some spoons and sugar. In the place were several other similar jugs, some of which smelled of whiskey. After finding the jug containing the whiskey the officers started to make further search of the place, when Colley informed them that was all the liquor that was there. With the jug in his hand the chief of police was about to depart when he said to Colley, "What do you people get for this stuff?" to which Colley replied, "Three dollars for a half-pint."

The officers were both introduced on behalf of the Commonwealth and testified to all the facts above related, giving the details. This was all the evidence. To all of which evidence and especially that obtained by means of the search warrant the appellants, by counsel, objected and moved to exclude, but this objection and

motion were overruled, to which appellants excepted. The grounds of the objection to the evidence obtained through and by means of the search warrant are based upon the insufficiency of the affidavit upon which the search warrant was issued and the invalidity of the search warrant. Appellants put both these papers in evidence. The affidavit reads as follows:

"STATE OF KENTUCKY,
  COUNTY OF CHRISTIAN, SCT.

"The affiants state on oath that they are residents of Christian county, Ky. They state that there is *probable cause* and *reasonable grounds for believing* that at the building and premises located at No. 17 Southside East 7th street, in the city of Hopkinsville, county of Christian and state of Kentucky, and occupied by Lee Crawford, intoxicating liquors are being sold, or suspected of being sold or disposed of in violation of law, or kept for sale or other disposition in violation of law."

The search warrant reads as follows:

"THE COMMONWEALTH OF KENTUCKY:

"To the sheriff of Christian county, or to any police officer of the city of Hopkinsville, Ky.

"GREETINGS:

"You are commanded to search the building and premises located at No. 17 Southside East 7th street, in the city of Hopkinsville, county of Christian and state of Kentucky, and occupied by Lee Crawford, for the purpose of detecting any intoxicating liquors which may be kept there for the purpose of sale or other disposition in violation of law, and if you find such intoxicating liquors, you will seize the same, and arrest the keeper or the person in charge of such building, premises or intoxicating liquor, and if admission be not given on demand made, you shall force an entrance and make such seizure and arrest.

"Given under my hand, this 26th day of December, 1921."

By our Constitution, section 10, it is provided: "The people shall be secure in their persons, houses, papers and possessions from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or things, without describing them as nearly as may be, nor without probable cause supported by oath

or affirmation." It is the contention of appellants that the affidavit copied above does not show probable cause for the issual of the search warrant and consequently there existed no right in the judge to issue such warrant; the affidavit being insufficient the search warrant was invalid and afforded no protection to the officer issuing it; that the evidence so unlawfully obtained was not competent against appellants, and as there was no other evidence tending to show the guilt of appellants they were entitled to a directed verdict in their favor. If the affidavit did not show "probable cause" for the issual of such warrant then it should not have been issued and was invalid. Bouvier defines probable cause as one affording a reasonable ground of suspicion supported by circumstances sufficiently strong within themselves to warrant a cautious person in the belief that a person accused is guilty of the offense of which he is charged. This definition is based upon the cases of Carls v. Ayers, 53 N. Y. 17; Fugart v. Miller, 109 Mo. 281; Clement v. Major, 1 Colo. App. 297; see 18 R. C. L., pp. 25 and 36; 26 Cyc., pp. 24 and 25.

We have held that the facts and circumstances must be stated in the affidavit in order to manifest probable cause, and have said that what facts and circumstances amount to probable cause is a question of law; whether they existed or not in any particular case where the evidence is conflicting is a question of fact to be determined by a jury; and where there is no conflict in the evidence whether the facts shown amount to probable cause is ordinarily a question of law for the court. Schott v. Indiana National Life Ins. Co., 160 Ky. 553; Provident Savings Life Assurance Society v. Johnson, 115 Ky. 84; Metropolitan Life Ins. Co., &c. v. Miller, 114 Ky. 754; Lancaster v. Langstan, 18 R. 299. All the foregoing cases grew out of malicious prosecutions where damages were sought, but they serve to illustrate the point that "probable cause" must be supported by facts and circumstances, not mere conclusions of fact or law. With this rule in view let us examine the affidavit upon which the search warrant in question was issued. It states "that there is probable cause and reasonable grounds for believing," but it does not state a fact or circumstance on which one might rely for probable cause or which would support a reasonable belief that the appellants were guilty of any public offense. To state that there is "probable cause" and "reasonable grounds"

for believing that a person has whiskey in his possession for the purpose of sale does not furnish the facts and circumstances necessary to manifest probable cause to the court for the issual of a search warrant. It may be and perhaps was true that the persons making the affidavit had information or knowledge of facts which, if disclosed to the judge issuing the warrant, would have afforded him probable cause for believing the appellants were in possession of liquors for the purpose of sale in violation of law, but those facts were not contained in the affidavit on which the warrant was issued.

The framers of our Constitution were very careful to provide that no search warrant should be issued without "probable cause," supported by oath or affirmation. In other words, *"probable cause,"* must be set forth, under oath; and to state a conclusion such as affiants believe that there is probable cause, or have reasonable grounds for believing that the accused is guilty of a public offense, does not show probable cause, and is no protection whatever to the court in issuing the warrant nor to the officers in whose hands the warrant is placed for making the search. The statement of any facts or circumstances in an affidavit, which would be ordinarily calculated to induce in the mind of a reasonable person the belief that the accused is guilty of a public offense charged against him, will suffice to warrant the officer in issuing the search warrant because it affords probable cause, but anything less than this will not do so, and a search warrant issued without an affidavit setting forth facts and circumstances calculated to induce in the mind of a court probable cause for believing that the accused has been guilty of the offense charged, does not comply with the Constitution and statutory provisions upon the subject, and evidence against a defendant obtained under and through such insufficient search warrant, as held in the leading case of Youman v. Commonwealth, 189 Ky. 152, is incompetent and should be excluded from the consideration of the jury. Following this rule all the evidence against appellants in this case was incompetent, because it was obtained by the officers exclusively through the instrumentality of an invalid search warrant. There was, therefore, not sufficient competent evidence to support the verdict of the jury and the court should have directed a verdict in favor of appellants.

For the reasons indicated the judgment must be reversed for proceedings not inconsistent with this opinion.
Judgment reversed.