## Price v. Commonwealth.

(Decided September 26, 1922.)

### Appeal from Fayette Circuit Court.

1. Criminal Law—Evidence Obtained by Unlawful Search Inadmissible and Question May Be Raised by Objection when Offered.—Evidence obtained by illegal search and seizure is inadmissible, and question may be properly raised by objection made at the time the evidence is offered.

2. Searches and Seizures—Affidavit for Search Warrant on Belief and Information Insufficient.—An affidavit stating that affiants have reasonable grounds for believing and do believe, and that the reasons for so believing are based on the following facts: "We have information that about ten gallons of moonshine whiskey is hid at No. 319 Race Street," is insufficient to support a search warrant, as it states no facts from which the court may determine the existence of probable cause.

3. Appeal and Error—Intoxicating Liquors—Reversal of Judgment of Conviction has Effect of Quashing Peace Bond.—Where the accused is convicted of violating the prohibition law and required to execute a peace bond under section 18, chapter 33, Acts 1922, a reversal of the judgment of conviction has the effect of quashing the peace bond.

4. Intoxicating Liquors—Evidence that Reputation of Accused Was that of Bootlegger Admissible Under Section 15, Chapter 33, Acts 1922.—On a prosecution for a violation of the prohibition act evidence that the reputation of the accused was that of a bootlegger is admissible under section 15, chapter 33, Acts 1922.

MILLER & MILLER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant, Nannie Price, was convicted of the offense of illegally possessing intoxicating liquors, and her punishment fixed at a fine of $100.00 and imprisonment in the county jail for a period of forty days. She was also required to furnish a peace bond in the sum of $1,000.00.

It is first contended that the court erred in permitting certain officers to testify, over appellant's objection,

that they searched her premises and found therein several gallons of moonshine whiskey. The basis of this contention is that the search warrant was illegal because the affidavit therefor was insufficient. The affidavit for the search warrant was made before Ed Lawrence, a justice of the peace of Fayette county, and, omitting, the signatures and jurat, is as follows:

"State of Kentucky,

County of Fayette, Sct.

"Come the affiants, Ernest Thompson, asst. chief of police, and Dudley Veal, a reputable citizen, and state that they have reasonable grounds for believing, and do believe, that the liquor laws of the Commonwealth are being violated by Nannie Price, who resides (or operates a place of business) at No. 319 on Race streeet, in the city of Lexington, Fayette county, Kentucky, and that on said premises spirituous, vinous, malt or intoxicating liquors are being manufactured, sold, kept for sale, bartered or possessed unlawfully, or that a still or apparatus designed for the manufacture, of said liquors are unlawfully being possessed, in violation of law. They state that the reasons for so believing are based upon the following facts: 'We have information that about ten gallons of moonshine whiskey is hid at No. 319 Race street.' "

It is the established rule in this state that evidence obtained by an illegal search and seizure is inadmissible, and that the question may be properly raised by an objection made at the time the evidence is offered. Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860.

Section 10 of our Constitution, which is substantially the same as the Fourth Amendment to the Constitution of the United States, is as follows:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable search and seizure; and no warrant shall issue to search a place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

The language of this section is clear and unequivocal, and provides that no warrant shall issue to search a place, or seize any person or thing without probable cause supported by oath or affirmation. In interpreting the Fourth Amendment to the Federal Constitution and similar provisions in the constitutions of the various

states, it has been uniformly held that the existence of probable cause is a question for the court, and cannot be delegated to the accuser. Therefore, it is necessary to lay before the court the facts from which the existence of probable cause may be determined, and an affidavit, which states that the affiant believed or had been informed that a certain state of case existed, is not regarded as sufficient. United States v. Rykowski, 267 Fed. 866; United States v. Keith, 272 Fed. 484; Ripper v. United States, 178 Fed. 24; Lippman v. People. 175 Ill. 101, 51 N. E. 872; Swart v. Kimball, 43 Mich. 443, 5 N. W. 635; Monroe v. State, 137 Ala. 88. An interesting case is that of State v. McGahey, 12 N. Dak. 535, 1 A. & E. Ann. Cas. 650, where the court held that an affidavit made upon information and belief, and not otherwise corroborated, does not "state or show" the facts required and confers no jurisdiction upon the court to issue a search warrant under section 7005, Rev. Codes, 1899. In discussing the question the court said:

"The affidavit presented to the court in this case did not state or show the required facts, but merely asserted that the state's attorney was informed and believed that the facts did exist. The affidavit is uncorroborated. It does not give the name of the person furnishing the information; makes no statement as to where or how the information and belief was obtained, or on what information his belief was founded, or whether it was such information as would inspire belief in the mind of a less credulous person. It is mere hearsay and opinion. Judge Cooley, for the Supreme Court of Michigan, thus characterized this form of accusation: 'Charges are not verified by an affidavit that somebody is informed and believes they are true. This is mere evasion of the law. The most improbable stories may be believed of any one, and the man most free from any reasonable suspicion of guilt is not safe if he holds his freedom at the mercy of any man, miles off, who will swear that he has been informed and believes in his guilt. It is easy to tell falsehoods, and those who are least fitted to judge of their credibility are generally the very persons who will believe them because they are told. But to substantiate charges, within the meaning of the law, evidence is required, and not merely suspicions, or information or beliefs.' Swart v. Kimball, 43 Mich. 451, 5. N. W. Rep. 635."

In the case at bar the language of the affidavit is, "that they have reasonable grounds for believing, and do believe. . . . They state that the reasons for so believing are based upon the following facts: We have information that about ten gallons of moonshine whiskey is hid at No. 319 Race street." In other words, the case is one where the affiants state that they believe, and that the grounds for their belief are that they have certain information. The affidavit does not state the character or source of the information or the circumstances under which it was obtained. That being true, it states no fact from which the magistrate could determine the existence of probable cause, and was therefore insufficient. It follows that the search and seizure were illegal, and that the court erred in not excluding from the jury the evidence thereby obtained.

Another question to be determined is, what is the effect of the reversal upon the peace bond which appellant was required to execute? The statute requiring the peace bond is section 18, chapter 33, Acts 1922, which is as follows:

"On a first conviction for violation of any of the provisions of this act, except for a violation of section 24, and except where the punishment is confinement in the penitentiary, the courts shall require the defendant, in addition to the penalty inflicted, to execute bond in a sum not less than one thousand dollars, nor more than five thousand dollars, to be of good behavior for twelve months, and not violate any of the laws of Kentucky relative to the sale, possession, transportation or manufacture of intoxicating liquors, and if the bond be not executed the defendant shall be committed to the county jail in default of such bond for a period of ninety days. The order of the trial court requiring the execution of the peace bond herein provided for shall not be considered a part of the punishment inflicted under this act, but as a security against future violations of the provisions of this act, and said order shall not be subject to appeal."

It is true that the statute provides that the order of the trial court, requiring the execution of the peace bond, shall not be considered a part of the punishment, and shall not be subject to appeal, but that simply means that no appeal will lie solely from the order requiring the peace bond, and that an appeal from the judgment of conviction will not suspend the operation of the peace bond

pending the appeal. However, as the execution of the peace bond required by the statute follows as a mere consequence of the conviction and cannot be required except in case of conviction, there can be no escape from the conclusion that the reversal of the judgment will have the effect of quashing the peace bond.

Another contention is that the court erred in permitting the Commonwealth to prove that appellant's reputation was that of a bootlegger. In reply to this contention it is sufficient to say that the offense was committed after the enactment of chapter 33, Acts 1922, and that section 15 thereof provides as follows:

"In any prosecution or proceeding for any violation of this act, the general reputation of the defendant or defendants for moonshining, bootlegging, or being engaged in the illicit manufacture of, or trade in, intoxicating liquors, shall be admissible in evidence against said defendant or defendants."

Judgment reversed and cause remanded for a new trial consistent with this opinion.