## Adams v. Commonwealth.

(Decided January 12, 1923.)

### Appeal from Cumberland Circuit Court.

1. Intoxicating Liquors—Search Warrant Upon Insufficient Affidavit.—A search warrant issued upon an insufficient affidavit, that is to say, an affidavit which does not state facts sufficient to produce in the mind of the judicial officer probable cause for believing that the offense charged has been committed or is being committed, is no protection to the officer, and evidence obtained under it is inadmissible upon the trial of the defendant.

2. Intoxicating Liquors—Search Warrant Upon Insufficient Information.—Where an officer suspecting that liquors were concealed in a certain building, stood watch to prevent the owner from carrying away the same, and wrote a note to the judge uptown to send him a search warrant, and on this information the judge issued the warrant, it was invalid and afforded the officer no protection whatever.

3. Intoxicating Liquors—Evidence.—Whiskey obtained under such warrant cannot be introduced as evidence against the accused.

4. Intoxicating Liquors—Search Warrant—Production of.—The Commonwealth must, where it undertakes to justify a search and seizure, produce the search warrant, or account for its loss, and prove its contents if it be questioned.

P. SANDIDGE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Carrying saddle pockets on his horse, appellant Adams rode into the county seat on his way to a blacksmith shop to have his horse shod. He passed the police officer of the town, who observed that he carried saddle pockets which appeared to be full of something. This aroused the suspicion of the officer, who followed him to the blacksmith shop, where appellant had dismounted

and was about to hitch his horse, but the officer was unable to see the saddle pockets. Appellant left the shop, directing the blacksmith to shoe his horse, but the officer, suspecting that the saddle pockets were hidden about the shop and that they contained intoxicating liquors, took a seat in the shop and wrote a note, as he says, to some one uptown to send him a search warrant. In about an hour some one brought him a search warrant with which he proceeded to search a small crib in the shop and found a pair of saddle pockets resembling the ones on which appellant rode into town, in which saddle pockets he found a quantity of moonshine liquor which he carried before the county judge and which was later used as evidence on the trial of appellant after he had been indicted in the circuit court. From a resulting conviction, Adams prosecutes this appeal.

The officer who made the search under the warrant was the principal witness for the Commonwealth, and detailed the facts as set out above but with more particularity. He was asked to produce the search warrant under which he acted in making the search, and he answered that he thought the warrant was at his house and that he thought it had been issued and signed by the county judge, but of this he was not sure, nor did he know who the witnesses were that made affidavit on which the warrant was issued, but he suggested the names of two persons whom he thought made such affidavit. He did not, however, undertake to give the substance of the warrant nor of the affidavit upon which it was issued. He stated, however, that the witnesses whom he thought had made the affidavit were not present at the time appellant rode into town and left his saddle pockets at the blacksmith shop, and made it quite plain that such witnesses could not and did not know facts sufficient to have induced in the mind of a reasonable person probable cause for believing that liquor was concealed in the shop or that a public offense had been committed by appellant. The officer had no right or authority to search the crib and take the saddle pockets of appellant without his knowledge and consent. All this evidence was objected to by appellant, but his objection was overruled and he excepted. He then moved for a peremptory instruction, which motion was also overruled and to which ruling he excepted.

Under our rule requiring the Commonwealth, where it undertakes to justify a search and seizure, to produce

the search warrant or to account for its loss, and to prove its contents, the burden was on it to either produce the search warrant under which the officer acted in searching the crib and seizing the saddle pockets and thus show its sufficiency and regularity; or, if the search warrant was lost, to show that fact and then introduce evidence to show its contents and regularity on its face. It was not necessary for the Commonwealth to introduce the affidavit on which the warrant was issued as we have held in the recent case of Terrell v. Comlth., 196 Ky. 288, it is a matter of defense. In the absence of a search warrant and a satisfactory showing as to its loss and regularity the Commonwealth is not entitled to introduce evidence obtained under and by it, without which evidence in this case there is no cause against appellant Adams. Price v. Commonwealth, 195 Ky. 711. Having arrived at this conclusion it is unnecessary for us to discuss the other contentions made by appellant.

Judgment reversed for proceedings consistent with this opinion.

Judgment reversed.