## Cassady v. Commonwealth.

(Decided January 11, 1924.)

### Appeal from Martin Circuit Court.

1. Criminal · Law—Intoxicating Liquors—Officers Properly Pursued One Fleeing with Sack, and no Error in Permitting them to Testify to Contents.—Where sheriff and deputies secured search warrant and visited premises of a certain person, and while making their investigations they looked up a hollow on the side of a hill some distance away, and saw defendant running with a bag over his shoulder, they properly pursued him, and the court did not err in permitting them to testify that he threw down the sack and tried to smash the contents with a rock, and that the sack contained fruit jars, which had contained moonshine whiskey.

2. Intoxicating Liquors—Transportation for Jury, and Verdict Correct Under Evidence.—In a prosecution for transporting whiskey, held that it was proper to submit the case to the jury, and that their verdict of guilty was correct under the evidence.

J. B. CLARK for appellant.

THOS. B. McGREGOR, Attorney General, J W. WHEELER and JASPER H. PREECE for appellee.

OPINION OF THE COURT BY JUDGE ROBINSON—Affirming.

Philip Cassady, appellant, was indicted at the April term, 1923, of the Martin circuit court, charged with having in his possession and transporting spirituous and intoxicating liquors. He was tried at the August term and found guilty, his fine being fixed at $100.00 and 30 days in jail. Attorney for appellant at the same term of the court filed his motion and grounds for a new trial, which was overruled, and he appeals to this court.

From the evidence it seems that a short time before appellant was indicted the sheriff and his deputies secured a search warrant and visited the premises of Tevis Slone, who lived on the Collins branch in Martin county, and while making their investigations they looked up a hollow on the side of the hill some distance away and saw appellant running with a bag over his shoulder. The sheriff directed his deputy, W. W. Starr, to pursue him and as they drew nearer, owing to his carrying a heavy object, appellant threw it upon the ground, and immediately reaching for a stone began crushing the contents of the sack, which afterwards proved to be glass fruit

jars, containing—as the witness said—"moonshine whiskey." The deputy, W. W. Starr, also testified that he saw appellant take a sack from his shoulder and carry it in his right hand for a short distance, then throw it upon the ground in an endeavor to destroy the contents; that in the sack were glass jars which had contained whiskey, and the odor was plain and unmistakable.

In his testimony appellant relates a rather weird and almost unbelievable story, to the effect that he had left his home some time before he was detected with the whiskey with the intention of going over to the home of Tevis Slone to purchase some lumber; and that instead of following the beaten track he decided to go through a hollow which was a nearer but rougher descent of the hillside; and just as he reached the edge of a thicket he looked down and saw some men standing in Slone's yard and at the same glance detected a sack upon the ground, which he picked up and, as he expressed it, "Aimed to find a pretty spot back somewhere on the road in order to examine it," and while retracing his steps he supposes the officers saw him and he heard some one call, and also a pistol shot; but the wind was blowing and he could not understand what was said. He saw an officer approaching and the jars in the sack began to rattle and he deemed it best to throw it down, fearing he might get into trouble, and that he made away with it at once. He further testifies that he did not know what the sack contained; however, it would seem to the court that the tinkle of the glass might at least have apprised him of its probable contents. He further stated that he had no arrangement with any one to secure the liquor at this place, and when he threw it down he was still ignorant of what the sack contained. In cross-examination he further said that if it contained whiskey he did not want anyone else with him, and he carried same 149 feet before deciding to destroy it, and admits that in his effort to do so he pounded it with a rock. And while denying knowledge of the contents of the glass jars he admitted that the best way to get rid of them was the smashing process.

Attorney for appellant furnished nine grounds for reversal, only two of which, however, are argued in his brief. First, that the testimony of sheriff Fletcher and deputy sheriff Starr was not competent and should not have gone to the jury as it was obtained without a search warrant; and further that he was not committing any offense at the time of his pursuit and arrest; and cites

Adams v. Commonwealth, 197 Ky. 235, which relates solely, however, to a defective search warrant and in nowise applies to the case at bar; and, further, Price v. Commonwealth, 195 Ky. 711, in which the court said:

"The affidavit presented to the court in this case did not state or show the required facts, but merely asserted that the state's attorney was informed and believed that the facts did exist. The affidavit is uncorroborated. It does not give the name of the person furnishing the information; makes no statement as to where or how the information and belief was obtained, or on what information his belief was founded, or whether it was such information as would inspire belief in the mind of a less credulous person."

Attorney for appellant further contends there was not sufficient evidence to warrant the conviction of his client, and the mere fact that appellant found the sack and without knowledge of its contents—although he was endeavoring to make away with it—was not transporting liquor as contemplated by law. However, it is uncontradicted that he left the plain road leading to the home of Tevis Slone, where he testified he was going to purchase lumber, taking a more difficult crossing through a hollow, where he found the sack; and it would be difficult to believe that he was not aware of its presence there or of its contents, as he carried it away; and as the officers of the law were conducting a search for whiskey in that immediate neighborhood, it is entirely consonant with reason that they should view with suspicion anyone departing with a sack upon his shoulder, and they were entirely within their rights in following to ascertain, if possible, the contents of his burden, especially when he began to run before the pursuit was actually started, like unto the biblical quotation: "The guilty flee when no man pursueth." We further feel that his arrest was entirely justified when the officers discovered that he had been transporting whiskey, and it was entirely proper to submit the case to the jury; and further that their verdict was correct under the evidence. We find the case of Caudill v. Commonwealth, 200 Ky. 251, in which it appears that appellant was charged by a warrant in the Simpson quarterly court with the transporting of whiskey and upon trial was convicted. He appealed to the Simpson circuit court, in which tribunal the warrant was amended, and upon his trial there was a verdict of

guilty, and from that judgment he appealed. In his opinion Judge Turner said:

"The evidence is that one Taylor lived in a house on the property of appellant's father, and that the sheriff and another officer went to the house with a warrant for Taylor; that as they reached the house, or the road in front of it, appellant was seen running from the Taylor house with a half gallon jar in his arm, and as it turned out another such jar under his shirt. He was followed by the officers, but at a point about 125 yards from the house and before the officers had overtaken him, he broke the two jars on a rock. The officers were only a few steps behind him at the time, and when they came up to the place and smelled the liquor and saved and preserved a small quantity which had run into a depression in the ground after the jars were broken, and this liquid was presented in evidence on the trial. The fact that he carried these two jars and their contents from the house and to the point where they were destroyed is admitted by appellant; but he says he had taken them from the house at the request of Taylor's wife to be destroyed.

"The argument is made for appellant that he was entitled to a directed verdict of not guilty because the statute when properly construed did not intend to make it an offense to carry whiskey for a short distance for the purpose of destroying it; but there is no such exception in the statute, and the evidence in this case justifies the conclusion that appellant when he saw the approach of the officers to the Taylor home left the house with the whiskey either for the purpose of hiding it away elsewhere or destroying it as evidence."

The above is directly in line with the case at bar, and as we fail to find any errors in the record, let the judgment be affirmed.

Judgment affirmed.