## Abraham v. Commonwealth.

(Decided March 21, 1924.)

## Appeal from Jefferson Circuit Court
## (Criminal Branch).

1. Searches and Seizures—Affidavit for Search Warrant Must State Facts Showing Probable Cause.—Unless affidavit in support of search warrant states facts sufficient to create in the mind of the officer issuing the search warrant probable cause to believe the existence of the facts therein, attempted to be stated, he is without authority to issue the search warrant.

2. Criminal Law—Evidence Procured Through Invalid Search Warrant, Incompetent.—Evidence procured through the execution of an invalid search warrant is incompetent.

3. Searches and Seizures—Presumption that Search Warrant Preceded by Proper Affidavit.—Where search warrant fully complied with the law, the presumption arose that it was preceded by a proper affidavit, and the burden was on defendant to show the contrary; but, the Commonwealth having introduced both the search warrant and affidavit in support thereof, the latter could be considered without the formality of its introduction by defendant, in order to discharge the burden resting upon him to overcome the apparent validity of the warrant on its face.

4. Intoxicating Liquors—Information Obtained by Smell Sufficient to Create Probable Cause for Search Warrant, but Affidavit Must State Date.—Information obtained by affiant by his sense of smell is sufficient to create probable cause for an officer to issue a search warrant to search for intoxicating liquors, but an affidavit is insufficient where it does not state the date when affiant obtained his information through his sense of smell.

G. A. SCHULER for appellant.

FRANK E. DAUGHERTY, Attorney General, and THOMAS B. McGREGOR and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant, L. C. Abraham, was arrested and tried in the police court of the city of Louisville upon a warrant issued from that court accusing him of the offense of unlawfully possessing intoxicating liquors. From a judgment convicting him he appealed to the circuit court, and on his trial therein he was again convicted, and to reverse the judgment it rendered he prosecutes this appeal.

The only evidence introduced by the Commonwealth was that furnished by the officers who searched the resi-

dence of appellant under the authority of a search warrant issued by the judge of the police court authorizing them to do so. They found some liquor in the basement of defendant's residence and their testimony was amply sufficient to sustain the conviction; but, appellant objected to its introduction because of the insufficiency of the affidavit upon which the search warrant was issued, and by reason thereof it is insisted that the search·was invalid and the evidence discovered thereby was incompetent. It was held in the case of Price v. Commonwealth, 195 Ky. 711, and in a number of cases since then, that unless the affidavit stated facts sufficient to create in the mind of the officer issuing the search warrant probable cause to believe the existence of the facts therein attempted to be stated he was without authority to issue the search warrant, and in the case of Youman v. Commonwealth, 189 Ky. 152, 13 A. L. R. 1303, and numerous cases since then, it was held that evidence procured through the execution of an invalid search warrant was incompetent.

The Commonwealth, on the trial of appellant in the circuit court, introduced both the search warrant and the affidavit upon which it was based. The warrant fully complied with the law in every essential, and from that fact the presumption would arise that it was preceded by a proper affidavit and the burden was on the defendant to show the contrary. Terrell v. Commonwealth, 196 Ky. 288; Adams v. Commonwealth, 197 Ky. 235; Gray v. Commonwealth, 198 Ky. 610, and Hodges v. Commonwealth, *idem* 652. The Commonwealth, having introduced both the search warrant and the affidavit, the latter could be considered, without the formality of its introduction by defendant, in order to discharge the burden resting upon him to overcome the apparent validity of the warrant on its face. Therefore, the question presented must be determined as if the affidavit was introduced by defendant himself. It properly described the premises to be searched, and stated that the affiant "has good reason to believe and does believe that intoxicating liquors are being sold or manufactured or disposed of, or illegally possessed for other than sacramental, medicinal, scientific or mechanical purposes," etc., and gave as affiant's reason therefor that "he smelled the odors of intoxicating liquors and mash arising from and coming out of said premises." It is first insisted that information obtained by the affiant from his sense of smell is not sufficient to create probable cause for the officer to issue the

search warrant; but, we held to the contrary in the case of Commonwealth v. Diebold, 202 Ky. 315, and in that opinion, in disposing of the same objection here involved, we said: "This was not the statement by the affiant of a mere conclusion based upon information, belief or conjecture, but of a fact ascertained as a matter of personal knowledge, received and experienced through one of the five senses, that of smell, which can be as well depended upon for ascertaining a condition that may be discovered by means of its peculiar odor, as can that of sight to discover visible objects. . . . . Therefore, the statement made by the affiant in his affidavit for a search warrant that he smelled or detected the odor of intoxicating liquor in a given house or locality, is sufficient without a detailed explanation of the means through which he obtained the opportunity for smelling the odor."

The warrant in that case issued on March 28, 1923, and the affiant stated that he smelled the odors to which he swore on that same day. If, therefore, the affidavit in this case had stated the time when the affiant smelled the odors issuing from defendant's premises, as was done in that case, the objection to it now under consideration, should be overruled. However, it will be observed that the affidavit in this case gave no date as to when the affiant obtained his information through his sense of smell, and for aught that appears he may have smelled the odor to which he swore at any time in the distant past, even antedating the present prohibition laws, both national and state.

In the case of Commonwealth v. Dintler, 201 Ky. 129, the affiant who made the affidavit for the search warant stated, as a reason for his believing the presence of intoxicating liquor in defendant's possession or on his premises, that "he has bought intoxicating liquor at Mechanic and Upper streets, N. E. corner, being the premises of J. W. Ballard, *alias* B. F. Dintler, and being situated in the city of Lexington and state of Kentucky and within the district above named." It was held that the statement was insufficient because it did not fix the time of the purchase made by the affiant sufficiently near to the time of the issuing of the warrant to create probable belief that the same conditions existed or that similar articles to those purchased were still on the premises or in the possession of defendant. In so holding the court said: "So far as the affidavit shows the sale of liquor to which the affiant refers was made in that house at a time

when it was lawful to sell liquor, or at least more than one year next before the finding of the indictment.''

The sense of smell, being no more conclusive than that of sight, the date of the smelling should be sufficiently near to the date of the warrant as to create a probable connection with the smelling experienced by the affiant, and the discovery of the whiskey made under the search warrant. The rule announced in that opinion is in perfect harmony with the universally prevailing rule relating to misdemeanor prosecutions, since warrants for the arrest of defendants charged therewith, as well as indictments against them, are required to show that the offense was committed within the jurisdiction of the court, *and* within the time limited for the particular prosecution. That being true, it necessarily results that the same rule as to time should be followed in affidavits for search warrants in order to obtain evidence for a subsequent prosecution for the same misdemeanor. We are, therefore, constrained to hold, though with some reluctance, that the affidavit in this case was insufficient and, since the only evidence introduced was obtained through the execution of the search warrant, it, under the Youman and other cases, *supra,* was incompetent and the court erred in submitting the case to the jury.

Wherefore, the judgment is reversed with directions to grant defendant a new trial, and for proceedings consistent herewith.