## Workman v. Commonwealth.

(Decided September 26, 1924.)

### Appeal from Bracken Circuit Court.

1. Intoxicating Liquors—Affidavit for Search Warrant Held Insufficient.—Affidavit for search warrant for search of buggy held insufficient, containing no statement as to when liquor was transported, though stating generally that wherever defendant went with his buggy men became drunk.

2. Intoxicating Liquors—Search Warrant Invalid Unless Supported by Sufficient Affidavit.—Where facts set forth in affidavit are not sufficient to warrant issuance of search warrant a warrant issued under it is invalid.

3. Criminal Law—Evidence Obtained Under Invalid Search Warrant Incompetent.—Evidence obtained under invalid search warrant is incompetent, and will be rejected upon motion.

M. J. HENNESSEY for appellant.

FRANK E. DAUGHERTY, Attorney General, B. S. GRANNIS and SILAS JACOBS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

The question on this appeal is whether the affidavit on which the search warrant was issued stated facts sufficient to authorize the judge of the Bracken county court to issue a search warrant. It is insisted by appellant Workman that the affidavit was defective and insufficient and for that reason the search was invalid and the evidence obtained by the officer in making the search of ap-

pellant's buggy and person was incompetent, and this appears to be true.   The affidavit states that the "affiants have known the said Louis Workman to drive said buggy into the town of Brooksville, Bracken county, Kentucky, and in a few minutes after leaving the said buggy said Louis Workman is seen in company of men who drink intoxicating liquors, going into livery stables and other unfrequented places and shortly emerging therefrom in a drunken condition or with the odor of liquor upon their breath; that said Louis Workman drives said buggy to various sales throughout said county and shortly after arriving thereat numbers of men are seen to be intoxicated."

The affidavit then proceeds to describe the buggy as an ordinary one, in fair condition, drawn by a roan or red spotted horse having "scarcely any hair on its tail." There is no statement in the affidavit as to when the liquor was transported by appellant, and the facts set forth were not sufficient to warrant the county judge in issuing the search warrant.   That being true the search warrant is invalid.   Commonwealth v. Dincler, 201 Ky. 129; Hyde v. Commonwealth, 201 Ky. 673; Abraham v. Commonwealth, 202 Ky. 491.

Evidence obtained under an invalid search warrant is incompetent and will be rejected upon motion of appellant.   Commonwealth v. Dincler, *supra;* Adams v. Commonwealth, 197 Ky. 235.

Appellant was arrested by the marshal as he was driving through a village on his way to a public sale.   It was found he was transporting two pints of whiskey, but these were in his pockets.   The evidence would have been sufficient to have sustained a conviction had it been obtained in the regular way.

Judgment reversed for proceedings consistent with this opinion.