## Griffith v. Commonwealth.

(Decided May 19, 1925.)

### Appeal from McCracken Circuit Court.

1. Intoxicating Liquors—Affidavit Supporting Search Warrant Based on Statement of Another, and Not Showing Time of Occurrences or Statement, Insufficient.—Affidavit supporting warrant to search for moonshine, based on statements of another than affiant, as to smelling mash on accused's premises, which did not show when informant smelled the mash or made statement to affiant, held insufficient, as occasions might be too remote to support belief that accused was violating Prohibition Law when warrant was issued.
2. Criminal Law—Objections to Evidence Obtained by Illegal Search, Properly Raised.—In liquor prosecution, objections to evidence, obtained under search warrant, and motion for its exclusion from jury, held proper method of challenging its admissibility on grounds that search was illegal.
3. Criminal Law—Where Affidavit is Insufficient, Search is Illegal and Evidence Obtained Inadmissible.—Where affidavit supporting search warrant is insufficient, the search is illegal, and the evidence obtained thereby is inadmissible.

J. BELL NICHOLS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted of possessing intoxicating liquor and his punishment fixed at a fine of $150.00 and thirty days' imprisonment.

A reversal is asked on the ground that the evidence was obtained by an illegal search. The search warrant under which the search was made was based on an affidavit which, after alleging that the affiant had reliable information that led him to believe and that he did believe that John Griffith had moonshine whiskey in his possession, etc., concluded as follows:

"That the source of his information and grounds for belief are as follows: That Luther Whittemore, who is a citizen of this, McCracken county, and well known to this affiant, said to said affiant that he was hauling gravel past the farm of John Griffith, who had the reputation in that community of being engaged in making moonshine whiskey, and that he, Whittemore, being familiar with the smell of soured mash used in making moonshine whiskey, and that he smelled this so strong passing Griffiths' place, that he got off his wagon, followed the scent which led him into a dense plum thicket about 300 or 400 yards to the rear of the residence, and then got uneasy, fearing discovery, and did not go further. Affiant further states that Griffith has the reputation of making moonshine liquor."

We need go no further than to say that the affidavit does not state when Luther Whittemore detected the smell of sour mash coming from John Griffith's place, or when he made the statement to affiant. Therefore, for aught that appears in the affidavit, both occasions may have been so far removed in point of time as to afford no ground for believing that Griffith was violating the prohibition law at the time the affidavit was made and the search warrant issued, and under the rule laid down in Abraham v. Commonwealth, 202 Ky. 491, 260 S. W. 18, the affidavit is insufficient. Indeed, the insufficiency of the affidavit is conceded by the Commonwealth, but it is insisted that the question was not properly raised. It appears, however, that appellant not only objected to the introduction of the evidence, but moved its exclusion from the jury. Under the repeated adjudications of this court this is the proper method of challenging the admissibility of evidence obtained by an illegal search. Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303; Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927. As the affidavit was insufficient, the search

was illegal, and the evidence thereby obtained was inadmissible.   It follows that the evidence should have been excluded from the jury.

Judgment reversed and cause remanded for a new trial consistent with this opinion.