# Thornton v. Commonwealth.

(Decided October 18, 1932.)

ALVIN LISANBY for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Felix Thornton, who theretofore had been convicted of the illegal possession of intoxicating liquor, appeals from a judgment convicting him of a second offense, and fixing his punishment at two years' imprisonment.

All the evidence against appellant was obtained by a search of his premises, and the only ground on which a reversal is asked is that the search warrant was invalid because of the insufficiency of the affidavit on which it was based. The affidavit is as follows:

"The affiant, Press J. Blackburn, whose Post Office address is Princeton, Ky., states that he is a citizen of Caldwell county, Kentucky, and that he has reasonable grounds for belief and does in good faith believe and therefore alleges and charges it to be true, that intoxicating liquors are being unlawfully possessed, sold, manufactured, or disposed of, not for sacramental, scientific, mechanical or medicinal purposes, in or on dwelling house, building or premises in Princeton, Caldwell county, Kentucky, owned or controlled by Felix Thornton, and located and described as follows: Situated

in that part of Princeton, Ky., known as Bartletts-ville, or a colored section of Princeton, Ky., and on the east side of Donivan street and the house just south of the creek and bridge on Donivan street, and the third house south of the colored newspaper printing office. That the source of his information or the foundation of his belief is as follows: That affiant this day received from J. A. Smith, a reputable citizen, a letter that was signed by him, stating that said Felix Thornton had whiskey on his premises in Princeton, Ky., and that he kept it in his bed and in his trunk. Subscribed and sworn to before me by Press J. Blackburn, this 11th day of July, 1931.

"Press J Blackburn.      J. O. Hardin."

With respect to affiant's source of information, the language of the affidavit is as follows:

"That affiant this day received from J. A. Smith, a reputable citizen, a letter that was signed by him, stating that said Felix Thornton had whiskey on his premises in Princeton, Ky., and that he kept it in his bed and in his trunk."

The date of the letter is not given. As set forth in the affidavit, the letter does not employ the word "has" or other words showing when the accused had or kept liquor on his premises. For aught that the affidavit discloses, the occasion referred to in the letter may have been so far removed in point of time as to afford no ground for believing that the accused was violating the prohibition law at the time the affidavit was made and the search warrant issued, and, under the rule laid down in Abraham v. Commonwealth, 202 Ky. 491, 260 S. W. 18, and Griffith v. Commonwealth, 209 Ky. 143, 272 S. W. 403, the affidavit is insufficient.

We might rest our decision here, but, in view of the use of letters by affiant as the source of his information, we deem it necessary to go further.

On the trial, the affiant who made the search testified as follows:

"Q. Do you know who J. A. Smith is? A. I might know him if I was to see him, I don't know whether I know him or not.

"Q. Do you know the signature to the letter

you received? A. I guess he signed it.

"Q. Can you identify that signature as being the signature of a person with whom you are familiar? A. I could not tell you now.

"Q. Do you know the handwriting on the letter, could you identify that handwriting as being that of J. A. Smith? A. I could not tell you.

"Q. If I understand you correctly, you received a letter and that letter stated that there was whiskey on the premises of Felix Thornton and that letter had at the bottom of it the word and letters, J. A. Smith, and that you neither know J. A. Smith or his signature or handwriting and that is all the information you had from which you made this affidavit, is that true? (Objection by Mr. Grayot, Attorney for Plaintiff. Objection sustained. Defendant excepts.)

"Defendant's attorney makes avowal that if the witness had been permitted to answer he would have stated that he received a letter signed J. A. Smith and that he did not know J. A. Smith at that time and has never known any such named person in this county and that he did not know who wrote the letter or who signed J. A. Smith to it and that the statements in that letter were all the information that he had from which he made this affidavit and that he does not know any person that has ever lived in this county by the name of J. A. Smith."

It is the rule in this state that the courts will not go behind the affidavit for the purpose of testing its sufficiency. We reproduce the evidence not for the purpose of going behind the affidavit, but for the sole purpose of showing the danger of any rule permitting the affiant to give a letter as the source of his information and the ground of his belief. We have held that an affidavit for a search warrant stating that a named individual had told affiant that within a short time before the affidavit was made he had seen whisky in bottles, jars, jugs, and kegs in the house in question on the day on which the affidavit was made, stated sufficient facts to warrant the judge in finding probable cause, even though the affiant would not be competent to testify to those facts at a trial. Goode v. Commonwealth, 199 Ky. 755, 252 S. W. 105. In a case like that,

the affiant comes in contact with his informant and secures the information directly from him. Where, however, the information is conveyed by letter, the affiant does not meet the informant face to face, and cannot in the very nature of things know that the letter is authentic, unless he is acquainted with the writer and knows his signature. We therefore conclude that, where the affiant relies upon the letter of a named individual as the source of his information, he must go further and state that the writer and his handwriting were known to him. As no such allegations were contained in the affidavit in question, the affidavit for that reason was not sufficient. As the affidavit was not sufficient to support the search warrant, it follows that the search was illegal, and that the evidence thereby obtained is not admissible.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.