## Barton v. Commonwealth.

(Decided Jan. 22, 1935.)

NAPIER & EBLEN for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY.—Reversing.

Lula Barton has prayed an appeal from a judgment convicting her of violating the prohibition law and fixing her punishment at a fine of $100 and imprisonment for 30 days.

The facts are: Mrs. Barton operated a small grocery and restaurant at Sassafras, in Knott county.

Claiming to act under a search warrant, deputy sheriffs of that county went to her place of business and searched the premises. They found several bottles containing slight quantities of whisky, and one bottle containing about an inch of whisky. They also claimed that something which Mrs. Barton threw from a dish pan had the odor of moonshine whisky. There was further evidence that her place of business had the reputation of being a place where intoxicating liquors were sold.

The accused objected to all the evidence obtained by the search, and the refusal to exclude is the principal ground urged for a reversal. It developed on the trial that the affidavit and search warrant had been lost, and the county judge was permitted to testify that the affidavit was signed and sworn to by Herbert Bolen, and was substantially as follows:

"The affiant, Herbert Bolen, states that he has reasonable grounds to believe and does believe that there are intoxicating liquors kept illegally for the purpose of sale by Mr. and Mrs. Ed Barton in the brick building or outbuildings occupied by them at Sassafras, Knott County, Kentucky; that he bases said belief upon the following facts; that he has been told by reliable persons that they are selling liquor at said place; that he saw persons go into said place and come out and have liquor when they come out and drink the said liquor."

Herbert Bolen, who made the affidavit, as well as the search, testified that the search warrant was "to search the building, outbuildings and the premises of Mrs. Ed Barton. The search warrant we had really was for Mr. Stacey. Mr. Stacey is the man that has the building rented."

Evidence obtained by an illegal search is inadmissible and a search is illegal if made under a search warrant based on an insufficient affidavit. Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927. An affidavit based on information or belief is not sufficient to support a search warrant unless accompanied by a statement of facts showing the source of information or the grounds of belief of such recent occurrence as to create probable cause for the belief that the forbidden articles were possessed at the time the affidavit was made.

Taylor v. Commonwealth, 198 Ky. 728, 249 S. W. 1035. Here the grounds of affiant's belief were "that he has been told by reliable persons that they are selling liquor at said place: that he saw persons go into said place and come out and have liquor when they come out and drink the said liquor." An affidavit based on information obtained from unnamed persons is not sufficient, so the sufficiency of the affidavit turns on the statement of the affiant "that he saw persons go into said place and come out and have liquor when they come out and drink the said liquor." The affidavit does not state when the alleged facts occurred, and where that is the case the omission is fatal to the affidavit. Abraham v. Commonwealth, 202 Ky. 491, 260 S. W. 18; Griffith v. Commonwealth, 209 Ky. 143, 272 S. W. 403; Coleman v. Commonwealth, 219 Ky. 139, 292 S. W. 771. As the affidavit was not sufficient to support the search warrant, it follows that the search was illegal and that the evidence thereby obtained was inadmissible.

Wherefore the appeal is granted and the judgment is reversed and cause remanded for a new trial consistent with this opinion.