## Minton v. Commonwealth.

December 19, 1947.

Ray C. Lewis, Judge.

J. Milton Luker for appellant.

Eldon S. Dummit, Attorney General, and J. L. Hughett, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

At the January 1947 term of the Laurel Circuit Court, Hootis Minton was found guilty by a jury of the offense of possessing liquor for the purpose of sale in local option territory and his punishment fixed at one hundred dollars fine and fifty-five days in the county jail. From that verdict and the judgment thereon he prosecutes this appeal, under proper motion.

All the evidence produced against him at the trial was obtained as a result of a search of his premises.

The warrant authorizing that search was obtained as the result of an affidavit signed by one Geniva Cox, and since the sufficiency of the affidavit on which the search warrant was issued is the sole question involved in this appeal, we set it out verbatim:

"State of Kentucky ⎱
"County of Laurel ⎰ Sct.

"The affiant Jeniva Cox after being duly sworn, says that he has reasonable grounds to believe, and does believe, that Carlo Smith, John Root, John Reynolds, Hootis Minton, Cush Reynolds and Clyde Minton did on the 11th day of Nov. 1946, in Laurel County, Kentucky, commit the offense of being influence of intoxicating Liquors committed in manner and form as follows, to-wit That affiant these parties each of these parties on to day under the influence of intoxicating liquors in a public place. That she has reasonable grounds to believe Clyde Minton and Hootis Minton have liquor stored in their dwelling houses and premises now because she saw the above named persons near their houses on today in Drunken Condition and both of them have the reputation of buying and selling liquor." Signed—"Geniva Cox."

The original affidavit, of which the above is an exact copy, was filed and is now in the record before us. As will be seen by the language of the affidavit, it is crudely drawn and this crudeness perhaps results from the fact that a printed form was used, with blank spaces filled in but without any attempt being made to make the writing fit the printed form. Aside from its crudity the affidavit fails to state any facts or circumstances which would justify the county judge who issued the warrant in believing that the accused was guilty of the offense charged. There is no statement in the above affidavit upon which to issue a search warrant other than the general statement that appellant and others were intoxicated in some public place which was somewhere in the vicinity of appellant's home.

The Attorney General frankly admits the insufficiency of the affidavit and makes no effort to defend its sufficiency. Affidavits of the character of that outlined above have been frequently condemned by this

court. Duncan v. Commonwealth, 297 Ky. 217, 179 S. W. 2d 899; Price v. Commonwealth, 195 Ky. 711, 243 S. W. 927; Colley v. Commonwealth, 195 Ky. 706, 243 S. W. 913; Poston v. Commonwealth, 201 Ky. 187, 256 S. W. 25; Barton v. Commonwealth, 257 Ky. 419, 78 S. W. 2d 310; Burton v. Commonwealth, 274 Ky. 655, 120 S. W. 2d 213; Carroll v. Commonwealth, 297 Ky. 748, 181 S. W. 2d 259; Vick v. Commonwealth, 204 Ky. 513, 264 S. W. 1079; Hyde v. Commonwealth, 201 Ky. 673, 258 S. W. 107; Elliott v. Commonwealth, 216 Ky. 270, 287 S. W. 726; Harvey v. Commonwealth, 226 Ky. 36, 10 S. W. 2d 471, and Hudgeons v. Commonwealth, 238 Ky. 470, 38 S. W. 2d 232.

At the beginning of the trial appellant moved to quash the search warrant and suppress the evidence obtained thereunder, and also seasonably objected to the introduction of all the testimony introduced against him which was obtained as a result of this search warrant.

The appeal is granted and the judgment reversed with directions to grant appellant a new trial and for further proceedings consistent with this opinion.

Judgment reversed.