**James (Peanut) ABNER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1957.

Roy W. House, Manchester, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

James Abner was convicted of unlawfully possessing alcoholic beverages for the

purpose of sale. KRS 242.230(1). The punishment imposed by the verdict and judgment was a fine of $100 and 60 days in jail.

Abner has filed a motion for an appeal, asking a reversal of the judgment on the ground that the evidence upon which he was convicted was procured by an illegal search of his premises. The basis of this contention is that the search warrant, under which the search was conducted, was invalid because it was issued upon an insufficient affidavit.

 It is the rule in this jurisdiction that an affidavit, as the basis for the issuance of a search warrant, must state either facts or circumstances from which the judicial officer issuing the warrant can determine that probable cause exists for its issuance, or the affidavit must charge the ultimate facts as actually existing and not merely affiant's belief as to them. Minton v. Commonwealth, 306 Ky. 223, 206 S.W.2d 954; Colley v. Commonwealth, 195 Ky. 706, 243 S.W. 913. And where the statements set forth in an affidavit are not sufficient to authorize the issuance of a search warrant, the search conducted under it is illegal and evidence obtained thereby is incompetent and inadmissible upon the trial of the accused. Ky.Const. § 10; Griffith v. Commonwealth, 209 Ky. 143, 272 S.W. 403; Workman v. Commonwealth, 204 Ky. 544, 264 S.W. 1097; Adams v. Commonwealth, 197 Ky. 235, 246 S.W. 788.

 The reasons for requiring that an affidavit be filed as a prerequisite to the issuance of a search warrant are (1) to enable the officer, whose jurisdiction is invoked, to determine judicially whether probable cause exists for issuing the warrant, and (2) to fix responsibility for civil redress or criminal prosecution in the event of a false accusation. Goode v. Commonwealth, 199 Ky. 755, 252 S.W. 105; Mattingly v. Commonwealth, 197 Ky. 583, 247 S.W. 938; Colley v. Commonwealth, 195 Ky. 706, 243 S.W. 913; Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303.

We consider the affidavit upon which the search warrant was issued in the instant case to determine the question raised concerning its sufficiency. It states in pertinent part:

"The affiant, Mose Hignite, whose post office address is Burning Spgs., State of Kentucky, states that he is a deputy Sheriff and that he has reasonable ground to believe and does believe that intoxicating beverages to wit: whiskey and beer are illegally possessed in a house, building or premises, owned or controlled by * * * Peanut Abner and located and described as follows: Block building located on 421 in the city of Manchester, neighbor to Pearl Lyttle and block building owned by Oscar Hubbard under his control. That he bases the foregoing affidavit and his belief and grounds for same upon the following facts and for the following reasons: Millard Hubbard, a reputable citizen told him packages were delivered by persons from said buildings day and night to people in cars and it is reported whiskey is being sold at said place."

 The affidavit is obviously defective in two respects: (1) Because the statement of affiant's informant that "packages were delivered by persons from said building day and night to people in cars" is too vague and indefinite to constitute probable cause that Abner was violating the law relating to the sale of intoxicating beverages. Elliott v. Commonwealth, 216 Ky. 270, 287 S.W. 726; Vick v. Commonwealth, 204 Ky. 513, 264 S.W. 1079; and, (2) for the reason that the affidavit does not fix any date when the alleged facts occurred. Coleman v. Commonwealth, 219 Ky. 139, 292 S.W. 771; Griffith v. Commonwealth, 209 Ky. 143, 272 S.W. 403; Abraham v. Commonwealth, 202 Ky. 491, 260 S.W. 18.

The only evidence of Abner's guilt sufficient to support the verdict was obtained as a result of the illegal search. The record reflects that Abner's counsel objected to the introduction of the evidence obtained by the search. Under these circumstances a reversal of the judgment is required. The Attorney General confesses error.

The motion for an appeal is sustained and the judgment is reversed, with directions to grant the appellant a new trial governed by this opinion.

CAMMACK, J., dissents because he believes the affidavit for the search warrant is sufficient.