## Moore v. Commonwealth.

(Decided January 23, 1925.)

## Appeal from Pike Circuit Court.

1. Intoxicating Liquors—Search Warrant for Hotel Room Held Sufficient Though Not Specifying Location of Hotel.—A search warrant naming the hotel and room to be searched for intoxicating liquor held sufficient though name of hotel was misspelled, and its location was not specified, it being the only hotel of that name in the county.

2. Criminal Law—Searches and Seizures—Failure or Illegality of Return Held Not to Affect Validity of Search or Admissibility of Evidence.—As regards the admissibility of evidence obtained by a search warrant, the legality of the officer's return or whether he made any return is wholly immaterial, the legality of the search depending upon the validity of the warrant and the manner of its execution.

3. Searches and Seizures—Duty of Officer to Indorse Manner and Time of Execution Before Return.—It is the duty of the officer, although not so specified by statute, to indorse on a search warrant the manner and time of his execution thereof before his return of same to the issuing magistrate.

4. Searches and Seizures—In Absence of Return, Parol Evidence Admissible to Show Due Execution.—Unless the return of search warrant is attacked in the manner pointed out by Ky. Stats., section 3760, parol evidence cannot be introduced in contradiction of the officer's indorsement, but in the absence of such indorsement parol or secondary evidence is admissible, to show due execution of the warrant.

5. Searches and Seizures—Indorsement of Return May be Later Supplied by Permission of Court.—The failure of the officer to indorse his execution on the search warrant before, or upon return thereof, does not preclude the court, upon request of the Commonwealth, to permit such indorsement at a later time.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of unlawfully possessing intoxicating liquors upon evidence obtained by a search of his room in the Lloyd Hotel, located on Second street in Pikeville, Ky. For reversal of that judgment he insists that the search was illegal because the search warrant does not sufficiently describe the searched premises,

and because the officer failed to make proper return thereon.

The warrant reads:

"You are commanded to search, in the day or nighttime, the room No. 25, Loyd Hotel, held by Bill Moore grip and persons in the possession of moonshine liquor and which is located in Pike county, Ky., and on Second street."

The warrant was issued by the police judge of Pikeville, and executed by a city policeman who made the affidavit therefor. In that city there is a Lloyd Hotel located on Second street, and room No. 25 therein was occupied by appellant. There is no evidence or claim that there is any other Lloyd Hotel in Pike county, and it is therefore apparent that the warrant clearly and definitely located the place to be searched to anyone conversant with local conditions, even though the name of the hotel was misspelled and its location in Pikeville was inadvertently omitted.

This description is much more definite and certain than the one held insufficient in Taylor v. Commonwealth, 198 Ky. 728, 249 S. W. 1035, upon which appellant relies, or the one in Little v. Commonwealth, 205 Ky. 55, 265 S. W. 433, relied upon by appellee, and there is no merit in this contention for the appellant.

Upon the question of the admissibility of evidence obtained by a search made by an officer under a search warrant, it seems to us that it is wholly immaterial whether or not the officer made due, or proper, or any return thereon, since the legality of the search depends upon the validity of the warrant and the manner of its execution rather than upon any subsequent failure of the officer to perform his duty.

Although our statute does not so specify, it is the duty of the officer, of course, to indorse on the warrant the manner and time of his execution thereof before his return of same to the issuing magistrate. This indorsement when made is probably the best evidence of its execution. At least parol evidence cannot be introduced in contradiction thereof, unless attacked in the manner pointed out by section 3760 of the statutes. But such indorsement is but evidence of a fact, which, like any other fact, ought to be provable by secondary or parol evidence in the absence of the best or written evidence thereof.

This court uniformly has held, in cases of this kind and upon the question of the admissibility of such evidence as this, that in order to show that the search was legally made, the issuance and contents of the warrant itself, as well as its execution, can be established by parol evidence if the warrant cannot be produced. Craft v. Commonwealth, 196 Ky. 277, 244 S. W. 696; Terrell v. Commonwealth, 196 Ky. 288, 244 S. W. 703. There is no apparent reason why this same rule of evidence should not apply with reference to its execution whenever, for any reason, better evidence thereof does not exist.

Then, again, the failure of the officer to indorse his execution on the warrant before or upon return thereof, as was his duty, ought not to destroy or affect his right and duty later so to do in accordance with the facts, just as was done here upon request of the Commonwealth and by permission of the court.

We are, therefore, of the opinion that this contention for the appellant is likewise without merit.

Wherefore, the judgment is affirmed.