## Rose v. Commonwealth.

(Decided April 21, 1925.)

## Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Affidavit and Search Warrant Held Sufficiently Certain as to Premises to be Searched.—Affidavit and search warrant, describing premises to be searched for intoxicating liquors as "lunch stand" of defendant "on east side of Main street and on north side of Harlan American, in Harlan county," held sufficiently certain; Harlan American being a well-known newspaper in city of Harlan, with its plant and office on Main street.

2. Intoxicating Liquors—Evidence Held Admissible to Establish Defendant's Bad Character for Trafficking in Intoxicating Liquors.—In prosecution for possessing liquor, witness' testimony that defendant's reputation was bad for "fooling with liquor," and of another that it was bad for "dabbling" in whiskey, held admissible to establish defendant's bad character for trafficking in intoxicating liquors.

3. Intoxicating Liquors—Whether Whiskey Found on Defendant's Premises had been Placed there Without his Consent Held for Jury.—In liquor prosecution, whether whiskey found on defendant's premises belonged to another, and had been placed there without defendant's consent, held for jury.

4. Criminal Law—Instruction on Theory that Liquor Found Belonged to Another Held Sufficiently Covered.—Where instruction required jury to believe beyond a reasonable doubt that defendant knowingly had liquor in his possession before he could be found guilty, refusal of instruction, predicating acquittal on jury's belief that intoxicating liquors found on his premises belonged to another, and were placed there without defendant's knowledge and consent, was not erroneous.

CHARLES B. SPICER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

From a judgment of conviction for having intoxicating liquor in possession, imposing a fine of $150.00 and a jail sentence of thirty days upon appellant, Rose, he appeals, insisting (1) that the affidavit and search warrant were defective in that part describing the premises; (2) that the evidence for the Commonwealth introduced to prove appellant's bad character for trafficking in intoxi-

cating liquors was insufficient to establish the fact; and (3) the instructions given by the court were erroneous in that they did not present appellant's theory of the case.

1. The affidavit upon which the search warrant was issued described the premises to be searched as the "lunch stand of Carl Rose on the east side of Main street and on the north side of Harlan American, all of which is in Harlan county, Kentucky." The search warrant described the premises in the same way. It is argued, however, for appellant that this description is insufficient because it does not say in what city the lunch stand is situated; that it may have meant the city of Poorfork, or the city of Lynch, or the city of Harlan. The lunch stand of Carl Rose is rather definite, but to make it more certain it is described as located on the east side of Main street and on the north side of the office of Harlan American. The Harlan American is a well known newspaper published in the city of Harlan and has its plant and office on Main street in the city of Harlan. The description, when read as a whole, makes the location absolutely certain. The officer with the search warrant had no chance to make a mistake. It was sufficiently definite and certain to comply with the constitutional provision upon the subject. Little v. Com., 205 Ky. 55; Moore v. Com., 206 Ky. 779.

2. It is next argued that the evidence offered by the Commonwealth to prove the reputation of appellant, Rose, as one engaged in the liquor traffic was not competent, and if admitted was insufficient to prove the fact that appellant's reputation was bad for trafficking in intoxicating liquors. In support of this contention appellant says one of the witnesses stated that appellant's reputation was bad for "fooling with liquor," and another stated it was bad for "dabbling" in whiskey, and these expressions do not, he says, convey the idea that his reputation was bad for trafficking in intoxicating liquors; that one might "fool" with whiskey or "dabble" in whiskey by drinking it and not be guilty of the offense of having it in possession. We are of opinion, however, that the expressions "fooling" with whiskey and "dabbling" in whiskey, when employed in connection with the reputation of one charged with a public offense under the Rash-Gullion Act, has a clear and definite meaning. If one has a bad reputation for "dabbling" in whiskey, or for "fooling" with whiskey, every person with com-

480 KENTUCKY REPORTS. · [Vol. 208.

mon understanding, such as members of a jury, would know that his general reputation was that he trafficked in such liquors. Perchance the attorney for the Commonwealth should have stated his question in more elegant and classical words by asking each witness if he were acquainted with the general reputation of the defendant from what his neighbors and acquaintances generally said of him as to whether he dealt in or trafficked in intoxicating beverages. The question he asked, however, was of the same import and general meaning and so understood by the common run of men, as we have just stated, and the members of the jury, no doubt, got a clear understanding of what was intended by the question propounded and the answer given to it by the witness. This ground is, therefore, not well taken.

3. Appellant was charged with having intoxicating liquors in possession for other than lawful purposes. The evidence for the Commonwealth was to the effect that at the time the officers searched appellant's lunchstand they found one half-gallon fruit jar about two-thirds full of white whiskey and a beer bottle full of the same liquid, hid by the side of the ice box in appellant's restaurant. Appellant's defense was that the liquor belonged to another and had been placed there without the knowledge or consent of appellant. If that were true, appellant was not guilty. This was a question for the jury. The court instructed the jury that if it believed from the evidence beyond a reasonable doubt that the defendant, Rose, in Harlan county and within twelve months next before the issual of the warrant, *knowingly* had in his possession intoxicating liquors at the time and on the occasion mentioned by the witness for the Commonwealth, to find him guilty, otherwise to find him not guilty. The question was whether appellant, Rose, *knowingly* had intoxicating liquors in his restaurant on the occasion mentioned. If he did not *knowingly* have the liquors in his possession he was not guilty. The jury was required by the instructions of the court to believe beyond a reasonable doubt that appellant, Rose, *knowingly* had the liquor in possession before it could find him guilty. The instructions given by the court to the jury embraced the whole law of the case. It was not error for the trial court to refuse to give an instruction that if the jury believed the intoxicating liquors found in the restaurant belonged to another and that such liquors were placed in the restaurant without the knowledge or

consent of appellant, to find him not guilty. Appellant was not guilty unless the liquors were in his restaurant with his *knowledge* and consent and the court so told the jury, in effect.

We find no error to the prejudice of appellant. The judgment is affirmed.