RAMÓN FIGUEROA, Petitioner, *v.* THE DISTRICT COURT OF PUERTO RICO, BAYAMÓN SECTION, HON. SANTOS BORGES, Judge in Commission, Respondent.

No. 1873. Argued January 2, 1951.—Decided January 18, 1951.

24.

*Ramón S. Pesquera Dávila* for petitioner. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for respondent.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On August 22, 1950 the Prosecuting Attorney charged Ramón Figueroa, petitioner herein, with a violation of § 4 of Act No. 220 of May 15, 1948 (pp. 738, 742), known as *"Bolita* Act". Before the hearing of the case the defendant filed a motion in the lower court requesting the nullity of the search warrant issued and the return and suppression of evidence which consisted of the articles seized. This motion was based on: (*a*) That the Judge of the Municipal Court of Puerto Rico, Toa Alta Section, had no jurisdiction when he issued the search warrant to be executed in the city of Bayamón; (*b*) and (*c*) that there was an absence of probable cause; (*d*) that the articles or implements to be seized were not specified; (*e*) that the house to be searched was not accurately described; and (*f*) that the article seized was neither returned nor delivered to the judge who issued the warrant. The motion for nullity was set for September 7 of the same year and after a hearing, it was overruled. In order to review this decision we issued a writ of certiorari. The grounds originally alleged in the motion were repeated in the petition for review.

 The affidavit on which the search warrant was based copied verbatim says:

## "IN THE MUNICIPAL COURT OF PUERTO RICO, BAYAMON SECTION

UNITED STATES OF AMERICA,
The President of the United States.

THE PEOPLE OF PUERTO RICO
*v.*
Ramón Figueroa
Res. No. 325 Comerío Street.

SS:

Criminal No.————
For Viol. Act No. 220
"*Bolita* Act"

"AFFIDAVIT OF Antonio Pardo I.P. No. 485 in Bayamón, Puerto Rico, August 5, 1950. Antonio Pardo, I.P. No. 485, 52 years old, married, Insular Police and on duty in Bayamón, P. R., appears before this Court and after having been duly sworn states:

"That his name and other personal circumstances are as mentioned above.

"That I know of personal knowledge that Ramón Figueroa, who resides in No. 325 Comerío Street in Bayamón, P. R., in a yellow frame house, zinc-roofed, with a concrete porch extending along the front of the house and facing Comerío Street, having two doors on the front and consisting of one living room, kitchen, dining room and three bedrooms, possesses a clandestine '*bolita* and *bolipool bancas*' which he personally manages and that he possesses and has in said residence '*bolita*' material, lists, *bolipool*, pencils, carbon paper, all of which is being used in the operation of the illegal game of *Bolipool*, thus violating Act No. 220 of 1948 (*Bolita* Act).

"That the personal knowledge which I have on this matter is based on personal observations made by me on several occasions while passing in front of the house of Ramón Figueroa and that I have seen when he was personally collecting *bolipool* tickets and checking *bolita* and *bolipool* lists on a table in the dining room and which he placed, after being checked, under the tablecloth of said table and that after finishing checking them up he went to the bedroom where he has a chiffonier in which he personally kept all the material.

"That what I have declared is the truth and nothing but the truth.

"That in order to seize this clandestine material, it is necessary to have a search warrant which is requested from this Hon. Court in accordance with the Act.

"(s) Antonio Pardo I.P. 485<br>
Antonio Pardo I.P. 485

"Sworn to and suscribed before me today August 5, 1950.

"(s) Arístides Maldonado,<br>
Municipal Judge."

And the search warrant substantially copied is couched in the following terms:

"IN THE MUNICIPAL COURT OF PUERTO RICO, BAYAMON SECTION, P. R.

UNITED STATES OF AMERICA,
The President of the United States.

SS:

THE PEOPLE OF PUERTO RICO
v.
Ramón Figueroa
Res. No. 325 Comerío Street.

Criminal No.———
For: Viol. Act No. 220 of 1948 (*Bolita* Act)

"THE PEOPLE OF PUERTO RICO, to any policeman in the District of Bayamón, P. R.

"Whereas proof has been introduced on this day, based on an affidavit of Antonio Pardo No. 485, that Ramón Figueroa who lives on No. 325 Comerío Street in Bayamón, P. R., described on the reverse, has in his possession *bolita* and *bolipool* material and lists which he devotes to the operation of the unlawful game of *bolipool*, thus violating Act No. 220 of 1948, it is ordered, therefore, that during the hours of the day or the evening he should immediately proceed to search the house where Ramón Figueroa resides in search of the following objects: any amount of *bolipool* tickets, *bolita* lists, money and any other implement which is being used or which may be used in the operation of the unlawful game known as '*Bolipool*' and if some or all of them are found by you, to bring them immediately to me in Dr. Veve St. in Bayamón, P. R. 'Municipal Court.'

"Given under my signature today August 5, 1950 year of our Lord.

(s) Arístides Maldonado
Judge of the Municipal Court of P. R.
Toa Alta Section."

Upon the search warrant being executed in Bayamón, the police seized "a notebook with numbers and letters and numbers", and the aforesaid complaint was then filed in the District Court of Puerto Rico, Bayamón Section.

In *Partido Popular* v. *Gallardo*, 56 P.R.R. 677, cited by the petitioner, this Court decided that municipal judges are without authority to administer oaths outside the territorial limits of their municipal judicial districts. Nevertheless, this doctrine was restricted in *People* v. *Tonje*, 71 P.R.R. 295, in which we decided that a municipal judge outside his district may administer oaths for actions to be exercised within his district. It is not necessary in such case for the judge to go to a certain place within his district in order to administer said oaths. The question for decision under allegation (*a*) of the petition is not however whether the oath is valid but whether the search warrant, in the manner it was issued, was valid and enforceable in the town of Bayamón. We shall pass on to decide it.

Section 2 of Act No. 432 of May 15, 1950 (p. 1126), called "The Organic Act of the Judiciary of Puerto Rico", creates the Municipal Court of Puerto Rico; § 3 provides that "the territory of Puerto Rico is hereby constituted into a judicial district", and that "the courts of justice shall exercise their jurisdiction over all of the territory included in said judicial district"; and § 22 provides that the municipal judges shall have the same faculties, duties and functions exercised under legal authority by the corresponding officers of the municipal courts and tribunals up to the date this Act takes effect. By virtue of the aforesaid Sections it is evident that the judge of the Municipal Court of Puerto Rico, Toa Alta Section, was authorized to issue a search warrant en-

forceable in Bayamón. This is so because as we have seen, at present and by virtue of Act No. 432, *supra*, there is only one judicial district in the whole island of Puerto Rico; because the courts of justice, including the municipal courts, shall exercise their jurisdiction over all of the territory included within said judicial district; and because the present municipal judges have the same faculties and functions as the judges of the municipal courts had and exercised up to the date this Act takes effects. Among the duties and functions of the judges of each and every municipal court in Puerto Rico prior to the enforcement of Act No. 432 there was that of issuing search warrants. Being this so the Judge of the Municipal Court of Puerto Rico, Toa Alta Section, had authority to issue the search warrant above-mentioned and the same was valid and enforceable in Bayamón.

We turn now to discuss petitioner's contention that there did not exist probable cause for the issuance of the search warrant. Our Organic Act provides, (48 U.S.C., § 731, p. 5363) in paragraph 14 of Article 2 "That no warrant for arrest or search shall issue but upon probable cause,[1] supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." Section 503 of the Code of Criminal Procedure provides that "A search warrant can not be issued but upon probable cause, . . ." Was there *probable cause* for the issuance of the search warrant in this case? The petitioner maintains that there was not, because the affidavit on which the search warrant was based did not have, even approximately, the date or dates on which deponent observed the illegal acts alleged to have been committed by the petitioner at his residence, it not being sufficient to state, in his opinion, that deponent had observed at a certain place the possession of unlawful material, but that it is imperative to state

---

[1] The English text (which should prevail, § 1, Act No. 8 of 1917, vol. II, p. 210; § 13 of the Civil Code, 1930 ed.) uses the phrase *probable cause* instead of "good cause".

the date on which it was observed, so that the judge may be able to determine whether said date is too remote and conclude that there is still a possibility that the evidence sought to be seized may, still be in the place to be searched. In answer to petitioner's contention the Assistant *Fiscal* of this Court maintains that this question was not raised in the lower court and that since the court had no opportunity to pass on it, the same should not be considered by this Court, citing *Water Resources Authority* v. *District Court,* 65 P.R.R. 880 and *González* v. *District Court,* 54 P.R.R. 464. Nevertheless, it clearly appears from the motion seeking the nullity of the search warrant as well as from the transcript of the evidence that the nonexistence of probable cause was raised in the court *a quo.* Whether the date or dates on which "the observations" were made by the deponent on several occasions while passing by petitioner's house were specifically mentioned is a question which does not appear from the transcript since it is merely stated therein, on referring to paragraphs (*b*) and (*c*) of the motion, that "the attorneys for both parties discuss extensively this aspect of the situation." It is not necessary, however, that it should clearly appear that the question of the date on which said observations were made was specifically discussed in the court *a quo,* since, as we shall see, said date is an essential element of the probable cause and the nonexistence of such probable cause was repeatedly raised and argued in the lower court.

The study we have made of the question convinces us that the weight of the authorities runs in the sense that the affidavit upon which a search warrant issues should state the date on which the commission of the offense was observed by affiant and that said statement in the testimony is essential for the validity of the warrant and that there does not exist a probable cause for the issuance of the same in the absence of said requisite. See *Poldo* v. *United States,* 55 F. 2d 866; 162 A.L.R. 1406 *et seq.;* 47 Am. Jur. p. 517, § 23;

*Op. cit.* Cumulative Supplement at Vol. 47, 1950, p. 29, § 26; *Sgro* v. *United States*, 287 U. S. 206; 77 L. ed. 260; *Barton* v. *Commonwealth*, 78 S. W. 2d 310; *People* v. *Musk*, 203 N. W. 865; *Garza* v. *States*, 48 S. W. 2d 625.

The affidavit of policeman Pardo merely states, as we have seen, "that the personal knowledge which I have on this matter is based on personal observations made by me on several occasions while passing in front of the house of Ramón Figueroa and that I have seen when he was personally, . . ." It is nowhere stated in said affidavit on which date or dates deponent made the observations on several occasions in petitioner's house, nor the time when he saw him engaged in the collection of *bolipool* tickets. Those several occasions could have been many weeks, many months or many years prior to the date on which the affidavit was sworn and the probable cause for the issuance of the warrant at the time in which it was issued. In the absence of said requisite the search warrant was absolutely void and the motion should have been granted.

*Alexander* v. *State*, 123 Tex. Crim. Rep. 65, 57 S. W. 2d 157 cited by the Assistant *Fiscal* is not applicable, since it merely decides that the absence of date in the jurat does not render it void.

In view of the conclusion we have reached it is unnecessary to discuss the other grounds of the petition.

The judgment (*sic*) rendered by the District Court of Puerto Rico, Bayamón Section, on September 7, 1950, in criminal cause No. 10030, entitled *The People of Puerto Rico* v. *Ramón Figueroa* for violation of Act No. 220 of 1948, will be set aside.

Mr. Justice Snyder did not participate herein.