**Frank JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1967.

Edward H. Johnstone, Johnstone & El-dred, Princeton, for appellant.

Robert Matthews, Atty. Gen., Lacey T. Smith, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Frank Jones appeals from a judgment sentencing him to life imprisonment pursuant to a verdict convicting him of murder.

Appellant's primary contention is that the evidence was not sufficient to establish the corpus delicti or his guilt. Lillard Bond and Jack Harris, who were tried separately for their participation in the same murder here involved and were con-

victed of voluntary manslaughter, made the same contention as to insufficiency of the evidence on their appeal. The contention was rejected in the decision on that appeal. See Bond and Harris v. Commonwealth, Ky., 414 S.W.2d 131 (decided February 17, 1967; rehearing denied May 19, 1967). The evidence in the trial of Bond and Harris (fully set out in the opinion on their appeal) was substantially identical with that on the trial of Jones. Our decision on the Bond and Harris appeal, of the question of sufficiency of the evidence, is dispositive of the identical question on the instant appeal.

Appellant's other contentions relate to the claimed invalidity of the seizure of certain items under a search warrant, which items were introduced in evidence over appellant's objection and motion to suppress. Again these contentions are the same that were made on the Bond and Harris appeal, and the decision on that appeal is controlling. However, we are disposed to supplement here the discussion there of the search and seizure questions.

■ While the law of search and seizure is by no means clear and unequivocal, we think the propositions hereinafter stated are valid. First, the prohibitions against a search for "merely evidentiary material" (see United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, and Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647) are not applicable to a search for "instrumentalities" of the crime. See Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. While clothing worn by the accused during the commission of a homicide may not be a *tool* of the crime we believe it properly may be classed as an instrumentality in the sense of having been physically involved in the act of the crime. Therefore, it having been described in the search warrant, the bloody clothing of the accused was a proper object of search in the instant case.

■ Second, while engaged in a legitimate search under a search warrant describing specific articles, it is proper to seize stolen or contraband property, or property constituting the fruits of the crime, or instrumentalities of the crime, though the latter items are not described in the warrant. See Harris v. United States, supra, and Woo Lai Chun v. United States, 9 Cir., 274 F.2d 708, 79 A.L.R.2d 999. Accordingly, we think that the seizure of the tools in the instant case was justifiable not only on the ground stated in the opinion on the Bond and Harris appeal (that the tools were within the warrant description of "articles containing blood or signs of blood") but on the further ground that the tools were stolen property or fruits of the crime, or instrumentalities of the crime.

■ As far as concerns the seizure of the piece of the wall of the bedroom bearing the alleged bloody handprint of the accused, it is our opinion that this was so closely related to the bloody clothing properly being searched for as to fall within the scope of a reasonable search and seizure. See Woo Lai Chun v. United States, supra; United States v. Howell, 3 Cir., 240 F.2d 149; Bennett v. United States, 4 Cir., 145 F.2d 270; United States v. Old Dominion Warehouse, 2 Cir., 10 F.2d 736. (The appellant suggests that the piece of wall should not have been admitted in evidence for the further reason that it was not mentioned in the return on the search warrant, but the authorities are the other way. See Moore v. Commonwealth, 206 Ky. 779, 268 S.W. 563; 79 C.J.S. Searches and Seizures § 84, pp. 906, 907.)

■ The appellant's final point in regard to the search is that the sheriff's affidavit on which the warrant was issued stated a source only with respect to a part of the beliefs set forth in the affidavit. The affidavit did set forth the source of the sheriff's belief as to the essential facts that an offense had been committed and that

evidence material to a prosecution of the offense might be obtained under the search. It was not necessary that the affidavit set forth every element of the offense. See Commonwealth, for Use and Benefit of City of Pointsville v. Melvin, Ky., 256 S.W. 2d 513; United States v. Eisner, 6 Cir., 297 F.2d 595. We think the affidavit was sufficient.

The judgment is affirmed.

All concur.