**Mary JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

A. Dale Bryant, Jackson, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, James S. Hogg, Jackson, for appellee.

STEINFELD, Judge.

Mary Johnson was indicted for violating KRS 242.230, trafficking in alcoholic beverages in dry territory. She was found guilty and her punishment was fixed at $100.00 fine and 30 days in jail. She moved for an appeal which was granted. We reverse.

Prior to the search of her premises a magistrate issued a search warrant based upon an affidavit signed by a police officer. It stated that the affiant had "* * * reasonable grounds to believe, and does believe that intoxicating liquors are being sold, manufactured, disposed of or illegally possessed in a house, building or premises, owned or controlled by Mary Johnson and located * * * in Breathitt Co. Ky. on Highway 1110 2⁹⁄₁₀ mile West of Marcum gap road on left of road going West about a 6 room house unpainted. That he bases the foregoing affidavit and his belief and grounds for same upon the following facts and for the following reasons: a Confidential informer bought 4 cans of *Budwiser* Beer and paid Mary Johnson *$200.00* for said Beer about 4 hours before this date."

Before the trial Mary Johnson moved to exclude any evidence acquired by virtue of the search warrant, which motion was overruled and evidence obtained through the search was admitted.

The attorney general admits that the affidavit fails to comply with even the most liberal of standards. See such cases as Barton v. Commonwealth, 257 Ky. 419, 78 S.W.2d 310 (1935); Walker v. Common-

wealth, Ky., 261 S.W.2d 635 (1953) and Emberton v. Commonwealth, Ky., 269 S. W.2d 206 (1954). We agree that the affidavit was insufficient to authorize the issuance of the search warrant.

The judgment is reversed.

All concur.