**Roy Tots DAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 2, 1971.

Lewis A. White, White & Peck, Mt. Sterling, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Appellant was convicted of unlawful possession of alcoholic beverages in dry territory. KRS 242.230. He claims that inadmissible evidence was permitted to be considered by the jury. This evidence consisted of alcoholic beverages which were secured under authority of a search warrant. Appellant argued that the affidavit upon the basis of which the search warrant was issued did not constitute probable cause. The trial judge overruled appellant's pretrial motion to suppress the evidence secured by virtue of the search and permitted the officer who searched pursuant to the authority of the warrant to testify that alcoholic beverages were found in the building described in the warrant.

The sole issue presented on this appeal is whether the affidavit upon which the search warrant was based was sufficient to constitute probable cause within the meaning of the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution which protect citizens against unreasonable search and seizure.

The affidavit for the search warrant was a printed form which contained blanks for the insertion of applicable facts. This form, as filled in, recited that there was then on appellant's premises "the following described personal property to-wit:" The blank space following "to-wit" was not filled in. Thus, the affidavit to this point read that there was on appellant's property some kind of undescribed personal property. The affidavit then recited that affiant believed that "said property" constituted "property or things used as the means of committing a crime." The affidavit in its later content stated that the affiant "observed a large quantity of whiskey, wine,

gin, beer and vodka, all alcoholic beverages and intoxicating liquors, in the possession of Roy E. 'Tots' Day, in Rowan County, Kentucky, which affiant states the said Roy E. 'Tots' Day has illegally for the purposes of resale in local option territory, to-wit: Rowan County, Kentucky." The affidavit was executed by a peace officer who made a search of Day's premises under the authority of the search warrant issued. He was permitted to testify over appellant's objection concerning the results of the search; the alcoholic beverages found as fruits of search were admitted as evidence.

The affidavit alleged that the affiant believed there was on the premises (which were described in great detail) "the following described personal property, to-wit." A blank space follows and none is described. The later recitation that Day was observed in possession of contraband liquor is placed by location merely "in Rowan County." The personal property "used as the means of committing a crime" is not described. The affidavit failed to state that appellant was in possession of contraband liquor at the premises sought to be searched.

In Gossett v. Commonwealth, Ky., 426 S.W.2d 485 (1968), we subscribed to the new guidelines for determining the sufficiency of affidavits for search warrants set forth by the United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Therein it was required that such affidavits must be tested in a common-sense and realistic fashion, and doubtful or marginal cases must be largely determined by the preference to be accorded warrants. Nevertheless, purely conclusive statements without at least some accompanying details of "underlying circumstances" do not make out probable cause under the teaching of the Ventresca opinion. Although we have been freed from hampering hypertechnicalities and we are no longer required to scrutinize the affidavit impelled by a view to exalt form over substance, yet the constitutional guarantee to a citizen to remain free from unreasonable searches of his premises not based on probable cause is a very vital right that is never to be lightly dealt with.

However "common sense and realistic" the approach applied may be, it is clear that the affidavit in this case simply failed to allege the sine qua non—that the affiant either believed or knew or had observed that contraband liquor was located on the premises for which the right to search was sought. The affidavit did not make out probable cause. Therefore, the search was constitutionally impermissible. The evidence of the fruits of the search was consequently inadmissible. Cf. Johnson v. Commonwealth, Ky., 445 S.W.2d 441 (1961).

The judgment is reversed for further proceedings consistent herewith.

All concur.