Joe **HOPKINS**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 23, 1971.

Rehearing Denied Oct. 6, 1972.

Cassie J. Allen, Prestonsburg, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

Appellant Joe Hopkins was tried and convicted of "possession of alcoholic beverages for purpose of sale in dry territory," a crime denounced by KRS 242.230. He was sentenced to thirty days' imprisonment and assessed a fine of $20. On this appeal, which we granted, we affirm.

Before the trial began Hopkins moved to suppress evidence obtained in a search of his premises. The motion was overruled and the evidence was introduced at the trial. The sole question presented on this appeal is "whether the affidavit upon which the search warrant was based was sufficient to constitute probable cause within the meaning of the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution which protect citizens against unreasonable search and seizure."

The affidavit which was made on July 18, 1971, by a police officer and on which the search warrant was issued that day was as follows:

"The undersigned, Tpr. Gary Rose, states on oath that illegal intoxicating whiskey, wine and/or beer is unlawfully kept in the house and place of business occupied by and under control of Joe Hopkins and that said affiant knows that said intoxicating beverages are unlawfully kept on said premises for the reason that Oscar McKinney advised Tpr. Rose at app. 8:30 PM 7–10–71 that he Oscar McKinney purchased 3 cans of 16 oz. Schlitz Beer from Mrs. Joe Hopkins at the below described premises and paid $1.50 for said Beer. He further advised that the purchase was made at app. 8:15 PM 7–10–71, and that the location of said premises is as follows: In Floyd Co. Ky. and being a White and Green Dwelling House located at Amba, Ky. and being app. ⅒ miles up Big Mud Crk. from the mouth of Golers Crk. and located on the right side of the road as one travels up Big Mud Crk.

/S/ Tpr. Gary Rose"

Hopkins contends that the issuance of the search warrant was too remote in time from the date when the affiant received his information and when he executed the affidavit. He also argues that the affidavit failed to allege that the affiant " * * * either believed or knew or had observed that contraband liquor was located * * *" on the Hopkins premises. He cites Day v. Commonwealth, Ky., 465 S.W.2d 304 (1971), in which we wrote, "The affidavit failed to state that appellant was in possession of contraband liquor at the premises sought to be searched." The affidavit now before us stated that alcoholic beverages were then on the Hopkins premises.

The Commonwealth relies on Gossett v. Commonwealth, Ky., 426 S.W.2d 485 (1968), which held that it was not improper for the magistrate to issue a search warrant upon an affidavit which stated that the informant of the affiant " *  *  * in the last ten days  *  *  * was on the aforesaid premises" which were to be searched. It appears to us that the affidavit falls within the rationale of Gossett and Rogers v. Commonwealth, Ky., 424 S.W.2d 130 (1968), in which Gossett was cited with approval. Also see Johnson v. Commonwealth, Ky., 443 S.W.2d 20 (1969). Construed in the light of the teachings of United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), the affidavit was sufficient and it supplied probable cause to issue the search warrant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The affidavit may be deficient because the affiant did not state that the informer is reliable and how he knows he is reliable. See Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, supra. However, we do not reach this issue as the point was not raised.

The judgment is affirmed.

All concur.