John **LINDSAY**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Oct. 26, 1973.

------◆------

John E. Taylor, Gary L. Gardner, Eubanks, Gardner & Lorenz, Louisville, for appellant.

Ed Hancock, Atty. Gen., Thomas Ainley, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

John Lindsay was convicted of knowingly receiving stolen property and his punishment fixed at five years' imprisonment. Upon this appeal he alleges three grounds of error: (1) The trial court erred in refusing to suppress the search warrant on the ground that it was issued without sufficient probable cause; (2) the trial court erred in admitting testimony concerning the seizure of ten cartons of cigarettes which were not mentioned in the search warrant; and (3) the trial court erred in refusing to direct a verdict of acquittal in favor of Lindsay on the ground that there was insufficient evidence to support a conviction.

The affidavit for search warrant which must provide the probable cause necessary to the issual of a search warrant reads as follows:

"The affiant, RUEL HOUCHENS, states that he has reasonable grounds to believe and does believe that stolen S & H green stamps are now in possession of JOHN LINDSAY, at Cave City, Barren County, Kentucky, on the following described premises:

Being a building located and situated on the West side of U.S. 31W in Cave City, Barren County, Kentucky, being the second, third and fourth building North of the intersection of U.S. 31W and Ky. 90, and being operated as a service station, truck stop, restaurant and motel, and known as Cave City Truck Stop, Highway 31W and Ky. 90; the service station building being the second building North of U. S. 31W and Ky. 90 and being a gasoline service station Phillips 66 products; and the restaurant building being the third building North of the intersection of U.S. 31W and Ky. 90 and operated as a restaurant; and the motel building being the fourth building North of the intersection of U.S. 31W and Ky. 90, and in particular the first room thereof, located on the Southern side of said motel which is used as an office. All of which is in the possession or control of John Lindsay.

"The affiant further states that on September 13, 1972 between the hours of six o'clock and six thirty, a.m., in Glasgow, Barren County, Kentucky, while a truck owned and operated by Houchens Industries was parked in front of Richard's Cafe, Glasgow, Kentucky, and containing a number of S & H green stamps which were numbered Series HT81, four rolls bearing Nos. 625 to 628; four rolls bearing Nos. 697 to 700; and four rolls bearing Nos. 621 to 624; and four rolls bearing Nos. 761 to 764, all of which were $5.00 denominations, and in addition thereto five rolls bearing series 37YN, Nos. 936 to 940; and five rolls bearing series 37YN, Nos. 931 to 935, being the property of Houchens Industries, Inc., were stolen from said truck.

"The affiant states that on October 6, 1972 at approximately 11:30 A.M., he purchased $7.50 in value of gasoline from the above mentioned service station and was given S & H green stamps se-

ries 8T81–700 (sic), being one of the stamps in the series which were stolen. The person waiting on this affiant was a large, heavy set man, wearing a shirt with the name 'Mike'.

"The affiant states that said above described stamps are now on said premises."

The search warrant as issued listed the S & H green stamps and described the premises to be searched, which were identical to that in the affidavit. It also stated that the premises were in the possession and control of John Lindsay.

The search warrant was executed, and the sheriff's return shows that there were found and taken into possession one roll of S & H green stamps, HT 81–627; another roll, HT 81–622; and ¾ of a roll, HT 81–700, the stamps being found at the Phillips 66 Service Station, as described. Although the return does not reflect the fact, there were also confiscated ten cartons of Lucky Strike cigarettes bearing Houchens' cigarette tax number.

At the time of the search Lindsay delivered to the sheriff the part roll of green stamps, HT 81–700, from the service station cash register and the two full rolls, HT 81–622 and 627, from the station storage room.

■ We have some difficulty in following an argument that there was not probable cause for the search when an official of the company received one of the stolen stamps at the time he purchased gasoline from the service station operated and under the control of Lindsay. What better evidence could there be upon which a judge might decide that there was probable cause to issue the search warrant? It is true that the stamp was delivered to Ruel Houchens by a man named "Mike," a service station attendant, who was an employee under the control of Lindsay.

■ Probable cause for the issuance of a search warrant is a matter to be determined by a judge from a reading of the affidavit. In Berkshire v. Commonwealth, Ky., 471 S.W.2d 695 (1971), this court stated:

"* * * The requirement is that the affiant must lay before the magistrate underlying facts and circumstances (not merely conclusionary statements of the 'ultimate fact') so that the magistrate may impartially form a judgment as to whether probable cause for a search exists." Cf. Powell v. Commonwealth, Ky., 483 S.W.2d 158 (1972).

In Hopkins v. Commonwealth, Ky., 484 S.W.2d 863 (1971), we held that an affidavit to the effect that intoxicating liquor had been sold by a defendant's wife satisfied the requirements of probable cause where the affidavit also stated that the alcoholic beverages were then on the premises of the defendant. For an even more remote situation where we upheld the existence of probable cause, see Edwards v. Commonwealth, Ky., 429 S.W.2d 859 (1968).

Day v. Commonwealth, Ky., 465 S.W.2d 304 (1971), cited by Lindsay, is not in point. In Day the affidavit was on a printed form which neglected to identify the contraband located on the described premises. Here the affidavit definitely identifies the subject of the search—S & H green stamps of a certain series and number. There was a plenitude of evidence of probable cause justifying the issuance of the Lindsay search warrant.

■ In the course of executing the search warrant, in the office used by Lindsay and his wife, the officers found a sack containing ten cartons of Lucky Strike cigarettes. It was testified that the sack was found under a man's shirt near the office desk. Ruel Houchens identified the cigarettes as being from Houchens Industries, because each package was stamped with the cigarette tax stamp issued only to Houchens Industries. They did not come from one of the Houchens' retail outlets as

the number of the outlet was not on the cartons. Lindsay denied any knowledge of the presence of the cigarettes in his office. His wife said that John Bullington, a truck driver for Houchens, left them at their place of business. Upon cross-examination, counsel for Lindsay elicited from Houchens the fact that Bullington had admitted he had taken ten cartons of cigarettes which he sold to "them" for $15. Houchens testified unequivocally at one point that he knew the cigarettes came from Houchens and that they were stolen.

Lindsay objected to the introduction of any testimony about the cigarettes and moved that it be excluded and the jury discharged "on the grounds of prejudicial testimony, irrelevant and immaterial, and on the ground of no probable cause for these officers to search or seize anything. There has been no testimony showing this defendant knew or had reason to know of the whereabouts of the cigarettes on the premises. Quite the contrary, the evidence shows it was Mrs. Lindsay, if anyone, who had knowledge of the cigarettes." The court, in overruling this motion, admonished the jury as follows:

"Now, the motion, objection, is overruled, and I think it's proper, even though it has not been requested, for the Court to tell the jury that Mr. Lindsay is not being tried for having in his possession cigarettes that he knew were stolen. He is only being tried for having in his possession these Green Stamps, but the Court has let this evidence go into this trial about these cigarettes being stolen in order to indicate or show knowledge and intent on the part of Mr. Lindsay, if it does show that, and his knowledge in dealing in stolen goods, and you will not consider this evidence about the cigarettes for any purpose other than for just knowledge and intent on the part of Mr. Lindsay, if it does so indicate. Go ahead."

Mrs. Lindsay testified that Bullington had been in the restaurant and asked for John (Lindsay) as he had a package for him. She told Bullington that John was out of town but that the office was open. She did not know where Bullington left the package, didn't know the cigarettes were on the premises, and was not present when they were found.

John Lindsay did not testify.

■ Lindsay questions the admissibility of the cigarettes because they had not been a subject of the affidavit or of the search warrant and cites Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965), wherein the Supreme Court was said to have stated that nothing could be seized that was not described in the search warrant. However, the case is not in point as it involved the legality of the Texas anti-Communist law allowing a general search warrant and giving the search parties the unlimited power to seize any property that they might conclude had some bearing on the charge against a person. The court, in striking down the Texas law, said that it allowed the seizure of personal and private papers of an individual and that the statute was too sweeping and general in the description of the property that was to be seized under the search warrant. We have always held that where, in the course of a legal search, other contraband is found the searching officer has the right to seize it.

■ Lindsay further objects to evidence about the cigarettes because there was no proof that he had them in his possession. In support of this defense he cites Franklin v. Commonwealth, Ky., 490 S.W.2d 148 (1972), wherein this court held that there could not be constructive possession of drugs. Lindsay does not fall within the purview of Franklin for there the person charged with possession did not use and was never in and around the place where the illegal drugs were found. Here the cigarettes were found in Lindsay's office used by both his wife and him in the operation of the business, and there is no reason to believe other than the fact that

Lindsay had some knowledge of the presence of the cigarettes.

Finally, Lindsay objects because it was not shown that the property was stolen and cites in support of that view Grider v. Commonwealth, Ky., 479 S.W.2d 11 (1972). Grider totally defeats Lindsay for it holds that evidence of the possession of other stolen property is admissible upon proper admonition where it is shown that the property has been stolen. There was no denial of the testimony that the cigarettes found on the Lindsay property were stolen.

■ In an earlier case, Acree v. Commonwealth, 243 Ky. 216, 47 S.W.2d 1051 (1932), the rule was stated as follows:

"The rule is, where the premises and things of a defendant are searched by an officer under a legally issued and valid warrant, and the goods mentioned in it are found, together with a quantity of other goods shown to be stolen, or under such circumstances as tend to indicate that they were stolen property, it is competent to show that such other goods than those mentioned in the search warrants were stolen property, for the purpose of showing the identity of the defendant with, or his motive or guilty knowledge of, the crime charged in the indictment."

The cigarettes were admissible for the purposes as outlined and the admonition of the court was sufficient to protect Lindsay.

■ Lindsay's claimed error of the court in refusing to direct a verdict because there was insufficient evidence to support his conviction fails by the very wording of the statute, which provides in part as follows:

"The possession by any person of any stolen property shall be prima facie evidence of his guilt under this section." (KRS 433.290).

This prima facie case must be rebutted by the person charged, and unless he has a le-

gally conclusive explanation of his possession of the property the case must be submitted to the jury.

At the time of the search Lindsay voluntarily surrendered the stamps, remarking that he had traded four tires for them, but he did not testify at the trial. His bookkeeper testified that she had entered a sales slip showing that four tires had been traded for S & H green stamps; that this had never happened before; and that the sales slip did not give the name of the person who received the tires.

It was the jury's province to determine the sufficiency of the explanation and, it having done so, this court will not interfere.

The judgment is affirmed.

All concur.