William Jacob RELFORD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 6, 1977.

Rehearing Denied July 8, 1977.

Rehearing and Rehearing En Banc Denied July 26, 1977.

Discretionary Review Granted Oct. 24, 1977.

Jack Emory Farley, Public Defender, Com. of Ky., Edward C. Monahan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, Patrick H. Molloy, Com. Atty., 22nd Judicial Circuit, Lexington, for appellee.

Before GANT, LESTER and PARK, JJ.

GANT, Judge.

On February 3, 1976, two detectives of the Lexington Metro Police Department observed a vehicle belonging to the Appellant which was being driven by one Eva Jean Adams on the streets of Lexington. The detectives recognized the driver as a person who they knew was wanted in connection with an escape from a juvenile detention facility and further recognized the Appellant who was on the sidewalk trying to get the driver's attention as she drove by and recognized the passenger in this vehicle. Without losing sight of the vehicle they began to follow it and after pulling up behind the vehicle they saw the Appellant approach the vehicle, apparently remove something from his waist or shirt and hand it to the driver and then saw the passenger appear to place something under the seat of the car. The two detectives approached the car, required the passenger to get out of the car and, based upon their observation and according to their testimony, in order to determine whether a weapon had been placed under the seat by the passenger, searched under the passenger's seat with him standing just outside the vehicle and found there a brown envelope. This envelope was a standard U. S. Government "window" envelope containing a Social Security check made to one Beulah Thomas, which was seen without opening the envelope.

At this point, one of the detectives asked the driver, whom they knew was Eva Jean Adams, "What's your name?" She replied that she was Beulah Thomas and at this time the detectives placed Eva Jean Adams, the passenger and the Appellant all under arrest and charged them with Criminal Possession of a Forged Instrument.

At the trial of this action, Eva Jean Adams testified that the Appellant and the passenger had approached her in a restaurant shortly before the arrest and solicited her aid in cashing a Government check and that after first refusing to do so she had indicated to them a certain location near

where the arrest took place at which she felt they could cash the check. The Appellant testified that the first time he saw the check was at the time of his arrest and the passenger testified that the first time he saw the check was when Eva Jean pitched it to him as the police approached the vehicle and that he had, in fact, stuffed it under the seat of the Appellant's vehicle.

Appellant cites five errors committed by the trial court as the basis for his argument for reversal of this cause.

■■ The first error urged by the Appellant is that the search of the vehicle in question constituted an unreasonable search and seizure within the limitations prescribed by the Fourth Amendment of the Constitution of the United States. In connection with this alleged error, it should be first noted that no objection was made to the introduction of the evidence herein, nor was any suppression hearing held prior to trial or during trial outside the hearing of the jury. This type of conduct makes it extremely hard for an Appellate Court to rule upon whether probable cause existed, and whether the search was of the type covered under *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), or any other applicable principle laid down by the Supreme Court of the United States or by the courts of this jurisdiction. Indeed, we know of no rule in this jurisdiction which would require the prosecution to introduce all the evidence concerning the circumstances of the search when those circumstances are not put at issue by an objection and thus are removed from consideration by the jury. In the case of *Bays v. Commonwealth,* Ky., 486 S.W.2d 706 (1972), the court held that introduction of the evidence concerning a search was not necessary when the court had previously determined as a matter of law that the evidence was admissible. The failure to object would also remove that issue from the jury and there would be no necessity for the Commonwealth to introduce all the "circumstances of the search."

The position of this Court is best stated in the case of *Sykes v. U. S.,* 373 F.2d 607, 612 (5th Cir. 1966) cert. denied 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138 (1967). In that case the court stated as follows:

Imagination in re-living the trial is here not sufficient, but must be accompanied by speculation as to what would have appeared had the claim of error been considered. Speculation wastes time and bears ephemeral fruit. For this reason this Court has held that there is no "plain error" where, irrespective of the substantiality of the claimed error, the record does not present the question in enough detail. (Citing cases).

The present case classically illustrates the soundness of this rule. Whether or not there was error was not visible because all of the circumstances of the arrest were not before the court. That which is not visible cannot be "plain." We are not equipped for divination. Only the proper objection to the offered evidence would have allowed a clear picture in which we might have found error. "The prosecution therefore was not challenged about the arrest, showed only such facts as led to the search, was under no necessity of offering evidence in justification and explanation of the entry, and in effect was lulled into an assumed security which the defense would now make false. We, of course, do not know from this record what the government would or could have proved by way of explanation and justification. We do feel that, under the circumstances of this case, the defense is not now in a position to complain by afterthought." *Robinson v. United States,* 8 Cir. 1964, 327 F.2d 618, 623.

■■ The second and third errors ascribed to the lower court were the failure of the lower court to instruct the jury that Eva Jean Adams was an accomplice as a matter of law and that her testimony was not corroborated sufficiently to justify conviction on the charged offense. It is well established under Kentucky law that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant

with the commission of the offense. RCr 9.62; *Commonwealth v. Bowling*, Ky., 497 S.W.2d 720 (1973). However, as hereinabove set out, there was considerable corroborative evidence. The detectives testified that Relford handed something to the occupants of the car; that the passenger moved his hand down as if to reach under the seat; that the car was owned by the Appellant, and the forged instrument was found under the seat. The major disadvantage of failure to give an accomplice instruction would occur in those cases in which the testimony was not corroborated, but the testimony of the accomplice was corroborated in such a manner that the problem certainly did not occur in this case. Additionally, there was a failure by the Appellant to comply with RCr 9.54(2), as amended March 1, 1974, which states:

> No party may assign as error the giving or the failure to give an instruction unless he has fairly and adequately presented his position by an offered instruction or by motion, or unless he makes an objection before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objection.

In this case there was no tender of an accomplice instruction and, in fact, the Appellant indicated that he thoroughly approved the instructions tendered by the court.

Appellant also urges as error the failure of the court to give an instruction on Possession of a Forged Instrument in the Third Degree. All the evidence in this case was that the document was a Social Security check and the Third-Degree instruction would not have been proper even had it been given. There was no contention by the Appellant that it was not an instrument described in *Ky.Rev.Stat.* 516.060; he merely denied the commission of the offense at all.

The last ground contended by the Appellant is that the failure of counsel in connection with the preceding errors (i. e., failure to contest the search and seizure and to object to the instructions) has deprived Appellant of adequate representation of counsel. Again, as an Appellate Court, we find that from the record itself we cannot rule that there was inadequate representation. Trial counsel for the Appellant had available to him all the information concerning the search and had attended the trial. It may well have been that the knowledge gained by him from his client and from his interviews with the witnesses convinced him that objection to the search would have been fruitless and would only have resulted in lengthening the trial. We certainly cannot, as a matter of hindsight, rule that his failure to insist on an accomplice instruction was an error in view of the corroborating testimony presented here. There is no requirement that any counsel make useless objections or ask for instructions needlessly. It has been said that right to counsel does not mean errorless counsel or counsel adjudged ineffective by hindsight, but counsel reasonably likely to render, and rendering, reasonably effective assistance. *U. S. ex rel. Reis v. Wainwright*, 525 F.2d 1269 (5th Cir. 1976). See also *Ramsey v. Commonwealth*, Ky., 399 S.W.2d 473 (1966) cert. den. 385 U.S. 865, 87 S.Ct. 126, 17 L.Ed.2d 93 (1966).

For the reasons above stated, the judgment is affirmed.

All concur.