**COMMONWEALTH of Kentucky,**
Movant/Cross–Respondent,

v.

**Jerry Mac SHELTON,**
Respondent/Cross–Movant.

Nos. 87–SC–821–DG, 88–SC–051–DG.

Supreme Court of Kentucky.

March 16, 1989.

Frederic J. Cowan, Atty. Gen., Mark Wintersheimer, Asst. Atty. Gen., Frankfort, for movant/cross-respondent.

James Usher Glanville, Paducah, for respondent.

ANDRÉ BUSALD, Special Justice.

Appellee, Jerry Mac Shelton, was found guilty of possession of cocaine (KRS 218A.140), by a Hickman Circuit Court jury and was sentenced to five (5) years in prison and fined $5,000.00 on December 11, 1986. The Court of Appeals reversed on grounds that there was no probable cause to search for cocaine and that a timely motion to suppress the evidence should have been sustained.

The case is before us on a Motion and Cross Motion for Discretionary Review. The following issues are raised:

I. Was the search warrant invalid because the Trial Commissioner lacked jurisdiction to issue a warrant for Hickman County

II. Was the search warrant broad enough to include the seizure of cocaine

III. Was the search warrant rendered fatally defective due to a delayed return in violation of RCr 13.10(3)

IV. Was the conviction based on insufficient evidence

We affirm the Court of Appeals reversal of the conviction under Issue # I (Search Warrant Invalid), without reaching Issues II, III, and IV.

The search warrant in question was issued by Fulton County Trial Commissioner, Hal Warren. The First Judicial District is comprised of Fulton, Hickman, Carlisle and Ballard Counties. The District has one Circuit and two District Judges. One District Judge lives in Hickman County and the other lives in Ballard County. The Chief District Judge has designated Hal Warren as the resident Trial Commissioner for Fulton County and another individual as the resident Trial Commissioner for Carlisle County. SCR 5.020 requires a Trial Commissioner to be a resident of the county for which he is appointed.

On July 22, 1985, Hal Warren issued a search warrant in Fulton County bearing the caption of the Hickman Circuit Court for a search to be conducted in Hickman County. The search warrant sought the seizure of marijuana and related paraphernalia. The search revealed marijuana and cocaine. The cocaine was found in a briefcase under a bed.

In *Richmond v. Commonwealth,* Ky., 637 S.W.2d 642 (1982), we held that District and Circuit judges had statewide authority to issue search warrants. However, the *Richmond* case did not discuss whether Trial Commissioners had the same broad powers.

■ Under Ky. Const. 113(5), District Court Trial Commissioners derive their authority solely by specific grant from the Supreme Court, SCR 5.010–.040. SCR 5.030 provides that a Trial Commissioner's authority is confined to the county in which he resides. He may be "temporarily assigned by the chief judge of the district to serve" elsewhere "within the district" (SCR 5.040), but there is nothing in the record before this Court indicating that Hal Warren had been authorized to serve in Hickman County. In any event, he has no authority while serving in Fulton County to exercise authority beyond the limits of that county, and under our rules, he could not be given such authority. Therefore, he was without jurisdiction to issue a search warrant in or for Hickman County. Accordingly, the search warrant was invalid.

■ The Commonwealth argues that we should apply the "good-faith reliance" rule of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In *Leon,* the Supreme Court of the United States held that evidence obtained as a result of a search warrant which later was determined to be technically deficient would not be suppressed if the police acted with objective reasonableness in relying on the warrant. However, in the case at bar, we are not confronted with a technical deficiency;

but rather a question of jurisdiction. We do not believe that *Leon* would be applicable were we otherwise inclined to follow its precedent.

The evidence should have been suppressed and the conviction based on that evidence must be reversed. The case is remanded for proceedings consistent with this decision.

STEPHENS, C.J. and LAMBERT and LEIBSON, JJ., and McGINNIS, Special Justice, concur.

GANT, J., dissents by separate opinion in which VANCE, J., joins.

GANT, Justice, dissenting.

I must respectfully dissent. On July 22, 1985, a search warrant was issued to the Kentucky State Police empowering them to search the respondent's premises in Hickman County. Both the affidavit and the warrant meticulously described the premises to be searched and directions to said premises. It also described two vehicles, and authorized the seizure of any marijuana "manufactured, cultivated or possessed" in violation of KRS 218A.990 and any paraphernalia. While searching the described premises, the police found 322 plants of marijuana and also found a locked brief case under the bed which was unlocked by respondent when asked to do so. In the brief case was found a rolled dollar bill containing cocaine, loose powder, a bag of powder marked "Superior Inositol" and two spoons. The respondent was convicted of possession of cocaine, sentenced to five years in the penitentiary and fined $5,000.

This conviction was reversed by a 2–1 decision of the Court of Appeals "on the ground that was never urged below, or on appeal." The majority of that panel ruled that, since the affidavit and the search warrant made no mention of the brief case or of cocaine, the seizure was invalid and the conviction could not stand under § 10 of the Kentucky Constitution.

This holding of the Court of Appeals ignores two things. First, there was no issue made in the lower court of the seizure of the cocaine. As the court held in *Relford v. Commonwealth*, Ky.App., 558 S.W.2d 175 (1977), when no opportunity is given to the prosecution to show the circumstances of the seizure, especially under the "plain view doctrine," we will not speculate that there was any impropriety. Also, as this court held in *Basham v. Commonwealth*, Ky., 675 S.W.2d 376, 383 (1984), citing *Jones v. Commonwealth*, Ky., 416 S.W.2d 342, 343 (1967): "While engaged in a legitimate search under a search warrant describing specific articles, it is proper to seize stolen or contraband property ... though the items [seized] are not described in the warrant." In *Lindsay v. Commonwealth*, Ky., 500 S.W.2d 786, 789 (1973), the court stated: "We have always held that where, in the course of a legal search, other contraband is found, the searching officer has the right to seize it."

The respondent herein filed a cross-motion for discretionary review, asking that, if this court did not accept the opinion of the Court of Appeals in this case, the court consider the original and only ground which he presented in his appeal before the Court of Appeals. That ground is that the search warrant was signed and issued by a Trial Commissioner who resided in Fulton County, Kentucky, and who respondent argues was without authority under SCR 5.030 to issue a search warrant in Hickman County, where this warrant was executed.

To me, the rules indicate that if the Fulton County Trial Commissioner issued this search warrant in the county in which he was appointed, for any of the four counties in his district, he was acting within his authority. However, we do not need to consider that point under the circumstances of this case.

I would follow the rulings and reasoning of the Supreme Court of the United States in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and in *Maryland v. Garrison*, 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987), in which the court stated that evidence is admissible if it is obtained by officers in reasonable reliance on a search warrant, even though the warrant is ultimately found to be *"invalid."*

In the present case, there is no question that the officers were reasonable in their reliance upon the validity of the search warrant. On its face, it was regular in all respects. Whether the Trial Commissioner

had jurisdiction or authority should never even have entered this case. It is exactly the type of case envisioned by the United States Supreme Court in *Leon, supra,* when the court stated, as appears in the syllabus:

> An examination of the Fourth Amendment's origin and purposes makes it clear that the use of fruits of a past unlawful search or seizure works no new Fourth Amendment wrong. The question whether the exclusionary sanction is appropriately imposed in a particular case as a judicially created remedy to safeguard Fourth Amendment rights through its deterrent effect, must be resolved by weighing the costs and benefits of preventing the use in the prosecution's case in chief of inherently trustworthy tangible evidence. Indiscriminate application of the exclusionary rule—impeding the criminal justice system's truth-finding function and allowing some guilty defendants to go free—may well generate disrespect for the law and the administration of justice.

The majority opinion attempts to distinguish *Leon,* but that is exactly what was anticipated by *Leon.* In *Leon, supra,* the court made it clear that each case would be considered on its own merits and on its own facts and that, unless there was some violation of the safeguards guaranteed by the Fourth Amendment, there would be no exclusionary sanction applied.

In the instant case, I can see no violation of the origin and purpose of the Fourth Amendment. I can, however, see that in this case the officer relied upon the advice of counsel; relied upon a judicial officer; conducted what he considered a valid search; and the warrant was subsequently determined to be invalid. As a result, the officer is penalized, and a convicted felon is turned loose on the street.

I would reverse the Court of Appeals in its obviously unjustified holding in its opinion. I would also affirm the lower court on the cross-motion for discretionary review filed by the respondent in reliance upon *United States v. Leon* and, in all, uphold the verdict of the Hickman Circuit Court.

VANCE, J., joins in this dissent.